## SUPREME COURT.

### MALCOLM AND GAUL agt. MILLER AND MILLER.

Where the plaintiff, in his complaint, claims that one of the defendants purchased a bill of goods of him with intent to cheat and defraud him, and afterwards sold the goods to the other defendant, the latter charged with knowledge of the fraud, and claims the amount of the goods, and that the defendants are insolvent, *held*, that it is a case which comes directly under the operation of the *first* clause of § 219 of the Code, for a temporary injunction to restrain the sale or disposition of the goods by the defendants during the litigation.

It appears by the *complaint* that the plaintiff is entitled to the *relief demanded*, and that it consists in restraining the defendants from a disposition of the goods, which, if permitted, would be an *injury* to plaintiff.

The *latter* clause of § 219 is applicable, where, *during the pendency* of the action, it shall appear by affidavit that the defendant threatens, or is about to remove or dispose of his property, *&c.*, a temporary injunction may issue (*See Perkins & Brown agt. Warren, ante* 341).

The first clause does not provide for a case arising *after* action commenced; and the second clause does not provide for a case arising *before* action commenced.

On motion to dissolve the injunction upon complaint, answer, reply and affidavits, the whole may be examined to ascertain the necessary facts, although there is a denial on oath, in the answer, of the facts alleged in the complaint.

*At Chambers, March* 1852.  *Motion to dissolve injunction.* The substance of the complaint is, that Peter P. Miller made a fraudulent purchase of merchandise of the value of seven hundred dollars, from the plaintiffs in October 1851, in the city of New York, with intent to cheat and defraud the plaintiffs of the same, and that he soon after sold the said merchandise, with others, without consideration, to the other defendant, with intent to avoid the payment of his debt to plaintiffs, and to cheat his creditors; and that Walter Miller at the time of said purchase from Peter, knew that the latter had obtained the goods by fraud, and that he purchased of Peter with intent to aid in the fraud and that the goods were still Peter's, &c.  That Walter removed the said goods to Binghamton, and is about to sell and dispose of them to others.  The complaint asks for judgment for the amount of the debt against Peter, and an injunction against both defendants to stop the sale of the goods until judgment and execution

Malcolm and Gaul agt. Miller and Miller.

and satisfaction of the same; and alleges that defendants are insolvent, and that the judgment will be unavailing unless the sale of the goods is enjoined.

An injunction was granted at the commencement of the suit, and was served with the summons and complaint on both defendants.

They now move to dissolve the injunction for several reasons, viz., that the facts set forth, if true, do not entitle the plaintiff to this process; and also, that the facts are fully denied in the answer, and that the answer sets up that the goods were purchased on credit, which had not expired at the time this suit was commenced.

B. G. FERRIS, *for Motion.*

A. DANA, *Opposed.*

SHANKLAND, Justice.—On comparing the complaint, answers, reply and affidavits, I have come to the conclusion that the evidence is sufficient to sustain this injunction, provided the facts set forth in the complaint, if true, will entitle the plaintiffs to that process.

If the plaintiffs can sustain their claim to this provisional remedy it must be, by the provisions of the 219th section of the present Code; for it was previously a well settled rule in equity jurisprudence, that a creditor at large, or before judgment, was not entitled to the interference of the court by injunction, to prevent the debtor from disposing of his property in fraud of such creditor (2 *John. Ch. R.* 144).

In the case at bar, the creditors, instead of rescinding the sale to Peter, and reclaiming the goods sold, have affirmed it, and now ask judgment for the amount of the debt. They are therefore, creditors at large, suing for their debt, and under the old equity rule, would not be entitled to an injunction.

But it was the intention of the Code to extend the remedy, by injunction, to just such cases as this. The 219th section of the Code, after providing for other cases, enacts that, " where during the pendency of an action it shall appear by affidavit, that the defendant threatens, or is about to remove or dispose of his property with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition."

It is contended, on behalf of the motion that the preceding clauses of this section, do not provide for an injunction in a case like this, and that the last clause does not, because it relates to acts or threats made, *during* the pendency of the action only, and not to acts done, or threats made prior to the action being commenced; and that it must be made to appear, by *affidavit*, and not in the complaint, as in this case it does. In support of this view of the section, the counsel cites 4 *How, Pr. R.* 31, and 5 *id.* 437. The Code of 1848, under which the first decision was made, does not contain the last clause of the present section; and besides, the court merely *suggests a doubt*, whether the last clause of the 192d section of the Code of 1848 did not make it necessary that the cause for the injunction should arise *during litigation.* So in the other case cited, although it arose under the Code of 1849, the 219th section of which is *verbatim* like the present one, the learned justice did not find it necessary to decide this question definitively; but merely intimates, an opinion similar to the one in the previous case.

I am of opinion the first clause of that section covers this case, and warrants the process.

It would be an act of the grossest ignorance on the part of the legislature, if, while providing for an injunction to stay an act, committed or threatened *during the litigation*, they should wholly omit a like remedy for a like act, or threat, made *prior* to the litigation. A just and liberal construction of the 219th section will involve them in no such folly. The first clause of that section and the last clause should be taken together in their construction. The first clause is *general*, and reaches all cases, " where it shall appear by the *complaint* that the plaintiff is entitled to the *relief demanded*, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation would produce *injury to the plaintiff.*" The last clause is *specific*, and is confined to the particular case of a threatened removal or disposition of property with intent to defraud creditors, *during litigation.*

It will be seen that without both clauses, but one half of the evil would be provided against. The former does not provide for a

case arising after action commenced, and the latter does not provide for a case arising before action commenced. The complaint in this cause, if true, entitles the plaintiff to the relief demanded, and a part of that relief is to restrain the defendants from selling the property fraudulently transferred from one defendant to the other, so that the plaintiffs can not reach it on the execution when obtained against Peter P. Miller one of the defendants. The injury likely to be produced by the acts threatened is, the loss of the plaintiffs' debt. If the plaintiffs establish their case on the trial, their judgment will be for the amount of their debt against Peter, and perpetual injunction against both, prohibiting the sale or other disposition of the goods, or so much of them as is necessary to satisfy the plaintiffs' debt.

This construction of the 219th section of the Code does not war with the intimation of opinion given by Mr. Justice HAND, as to the true construction of the last clause of that section; and I am inclined to concur with him in that construction, as it will make the whole section orderly, consistent and complete, and thereby give a remedy for cases arising as well *after* as before suit commenced.

If the sale from Peter to Walter, was fraudulent, then, so far as creditors are concerned, the goods remain the property of Peter, and the threats and doings of Walter, in pursuance of the common object of fraud in both, are the threats and doings of Peter and brings the case within the remedy intended by that section, as more clearly developed by the last clause, which is a specific remedy given in specific words, for causes arising after suit, but which same remedy is given in more general words in the first clause, for the same causes arising before suit instituted.

The defendants admit in their answer, that a part of the debt was due at the time of the commencement of this suit. This dispenses with the necessity of here determining whether the plaintiffs can avail themselves of the fraud so as to avoid the time of credit given on such sale, and yet affirm the contract, so far as to sue for the money, before the credit expires.

The motion to dissolve the injunction is denied, with ten dollars costs.