(39 Misc. Rep. 39.)

### VEIT et al. v. COLLINS et al.

(Supreme Court, Special Term, New York County. October, 1902.)

1. INJUNCTION—ACTION FOR MONEY.

　　Where a general creditor brings an action to recover money only, on allegations that the defendant debtor has fraudulently disposed of his merchandise in bulk, with intent to hinder and delay his creditors, and that his codefendant purchased with a like intent, and that the debtor has left the state and cannot be found, plaintiff cannot procure a continuance of a temporary injunction under Code Civ. Proc. § 603, authorizing an injunction against the commission of an act which would produce injury to the plaintiff, restraining the transferee of the debtor from disposing of the property transferred.

2. SAME—FRAUDULENT CONVEYANCE.

　　Laws 1902, c. 528, § 1, making sales of merchandise in bulk fraudulent as to creditors of the seller, does not give the right to an injunction against a fraudulent transferee in a common-law action against the debtor for money only.

3. SAME—RECEIVER.

　　In a common-law action for money only, plaintiff is not entitled to a receiver on the ground that the debtor has fraudulently disposed of his property.

Action by Berthold Veit and Leo Veit against John H. Collins and Adolph Friedman. Motion to continue temporary injunction. Denied.

Peckham, Warner & Strong, for the motion.
Epstein Bros., opposed.

STECKLER, J. The complaint sets out two causes of action against the defendant Collins,—the first for goods sold and delivered to him, and the second upon a promissory note made by said defendant to the order of the plaintiffs. As a part of the first

cause of action there are allegations, upon information and belief,. tending to show that prior to the beginning of the suit, the defendant Collins fraudulently disposed of his merchandise, in bulk, to the defendant Friedman, with intent to hinder, delay, and defraud Collins' creditors; that the purchase by the alleged vendee was made with like intent; and that Collins has departed from the state, and cannot be found. Upon the complaint and affidavits plaintiffs obtained an order restraining defendant Friedman from disposing of the property; and this motion is to continue the temporary injunction pendente lite, and for the appointment of a receiver of the said property.

The plaintiffs base their right to the relief asked mainly on chapter 528 of the Laws of 1902, which provides as follows:

"Section 1. A sale of any portion of a stock of merchandise other than in the ordinary course of trade in the regular and ·usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, shall be fraudulent and void as against the creditors of the seller, unless the seller and purchaser shall at least five days before the sale make a full and detailed inventory showing the quantity, and, so far as possible with the exercise of reasonable diligence, the cost price to the seller of each article to be included in the sale, and unless such purchaser shall at least five days before the sale in good faith make full, explicit inquiry of the seller as to the name and place of residence or place of business of each and every creditor of the seller and the amount owing each creditor, and unless the purchaser shall, at least five days before the sale in good faith notify or cause to be notified personally or by registered mail each of the seller's creditors of whom the purchaser has knowledge, or can with the exercise of reasonable diligence acquire knowledge, of such proposed sale and of the stated cost price of merchandise to be sold and of the price proposed to be paid therefor by the purchaser. The seller shall, at least five days before such sales, file a truthful answer in writing of each and all of said inquiries."

While, under this statute, a finding that the transfer to the defendant Friedman was fraudulent and void may be warranted, that is not the question presented on the motion. The question is whether the defendant Friedman can be enjoined from disposing of the property now in his possession; and for the determination of that question an examination of the Code provisions is necessary.

Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted to restrain it. In such case the right to the injunction depends upon the nature of the action. Code Civ. Proc. § 603. The plaintiffs assert that this provision entitles them to the relief sought. When the right to an injunction does not depend upon the nature of the action, but depends. upon extrinsic facts, an injunction order may be granted where it appears by affidavit either that the defendant during the pendency of the action is doing, or procuring or suffering to be done, or threatens or is about to do or procure or suffer to ·be done, an act in violation of the plaintiff's rights respecting the subject of the action,. and tending to render the judgment ineffectual; or that the defendant,. during .the pendency of the action, threatens or is about to remove·

or to dispose of his property, with intent to defraud the plaintiff. Code, § 604. As the acts of the defendants were done before the beginning of the suit, it is not claimed that the section last cited is applicable to this controversy. These provisions of the present Code are in substance the same as those of section 219 of the Code of Procedure, clause 1 of said section corresponding to section 603 of the Code of Civil Procedure, and clauses 2 and 3 of that section corresponding with section 604 of the present act.

In Malcolm v. Miller, 6 How. Prac. 456, which was an action against a vendee for goods sold, such vendee before suit brought having disposed of the property to his codefendant, who had knowledge of the fraud, and both defendants being insolvent, it was held that the vendor could obtain an injunction pending the litigation restraining a disposition of the property of the defendants; and the decision was based upon clause 1 of section 219 of the former Code. In Mott v. Dunn, 10 How. Prac. 225, the plaintiffs, who were simple contract creditors, sued the debtors, then insolvent, and their alleged fraudulent assignees, and it was held that plaintiffs were, pending the action, entitled to an injunction restraining a disposition of the property, and that they were also entitled to have a receiver appointed. But the court of appeals, in Reubens v. Joel, 13 N. Y. 488, subsequently laid down a contrary doctrine. That was an action upon promissory notes made and executed to the plaintiff. It was alleged in the complaint that the makers had made a fraudulent assignment of their property to their codefendant, with intent to hinder, delay, and defraud the plaintiff and other creditors, in which fraudulent design the assignee participated; and plaintiff prayed for an injunction restraining a disposition of the assigned property. The assignee demurred to the complaint, and the demurrer was sustained; and the court of appeals held that an injunction in such case was unauthorized. Judge Selden, in his opinion (at page 499, 13 N. Y.), said that clause 1 of section 219 of the former Code applied solely to equitable actions, or actions triable by the court; and it seems to me that the same remark is applicable to section 603 of the present Code, the provision upon which the plaintiffs rely. People v. Canal Board, 55 N. Y. 390; Clark v. Publishing Co., 40 App. Div. 405, 57 N. Y. Supp. 975. This is not an equitable action, or one triable by the court. It is an action to recover a sum of money only,—a common-law action,—and facts are stated in the complaint, in an attempt, on the plaintiff's theory, to comply with the statutory provision (Code, § 603) that the complaint, where an injunction is sought by reason of acts done before suit brought, must show the acts upon which the right to injunctive relief is based.

In the absence of a contrary statute or adjudication, the Reubens Case must be regarded as decisive of the motion. I have been unable to find any authoritative adjudication modifying the doctrine of the case cited, and I do not agree with the plaintiffs' contention that the statute passed this year changes the procedure. The act states that, unless the conditions therein prescribed are complied with, the sale of an entire stock of merchandise in bulk shall be fraudulent and void as against the creditors of the seller. It is well settled that, although a statute may by its terms protect creditors from the fraud of debtors,

a creditor at large cannot assail an assignment or other transfer of property by the debtor as fraudulent against creditors; that he must first establish his debt by the judgment of a court of competent jurisdiction, and either acquire a lien upon the specific property or be in a situation to perfect a lien thereon, and subject it to the payment of his judgment upon the removal of the obstacle presented by the fraudulent assignment or transfer (Southard v. Benner, 72 N. Y. 424); and the same rule applies to avoid transfers made by the debtor (Sheldon v. Wickham, 161 N. Y. 500, 55 N. E. 1045; Bank v. Lord, 33 Hun, 557). Except in a case under the act of 1858 (the provisions of which are now incorporated in the personal property law of 1897), where an assignee, trustee, or the like may bring an action to set aside fraudulent conveyances, such is the procedure applicable in connection with statutes characterizing certain acts of a debtor as fraudulent (2 Rev. St. 136, § 5), or void (Laws 1833, c. 279, § 1); and I cannot conceive how a new statute which, under certain circumstances, brands the sale of merchandise in bulk as fraudulent and void, changes existing procedure.

If the plaintiffs had attached the property, instead of attempting to enjoin its disposition by the defendant Friedman, they would have reached the same result which they now seek to accomplish by the injunction asked for. Code Civ. Proc. § 636, subd. 2; Rinchey v. Stryker, 28 N Y. 45, 84 Am. Dec. 324; Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073.

Entertaining the view that an injunction cannot be granted, I do not think that in this case the court would be justified in appointing a receiver of the assigned property.

Motion to continue injunction and for receiver denied. **Motion denied.**