(60 Misc. Rep. 582.)

## RUBINSKY et al. v. SPIRO et al.

(Supreme Court, Special Term, New York County. October, 1908.)

FRAUDULENT CONVEYANCES (§ 241*)—SALE IN BULK—REMEDIES OF CREDITORS—CONDITIONS PRECEDENT.

An action to set aside a sale of goods in bulk, under Laws 1907, p. 1683, c. 722, providing that such a sale shall be deemed fraudulent as to creditors unless certain prescribed conditions have been complied with, can only be maintained by a judgment creditor after return of execution unsatisfied.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 694–726; Dec. Dig. § 241.*]

Action by Marx Rubinsky and others against Sigmund Spiro and others. Demurrer to complaint sustained.

A. A. Silberberg, for plaintiffs.

Chilton & Goldstein, for defendants.

GREENBAUM, J. Without considering the question of the constitutionality of chapter 722, p. 1683, of the Laws of 1907, which provides that the sale of merchandise in bulk shall be deemed fraudulent and void as against creditors of the sellers unless certain prescribed conditions have been complied with, and which was ostensibly passed to obviate the objections to a similar act, known as chapter 528, p. 1249, of the Laws of 1902, declared by the Court of Appeals in the case of Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338, to be unconstitutional, I am of the opinion that the complaint fails to state a cause of action. It is too well settled to require discussion that a creditor at large has no standing in equity to set aside a fraudulent transfer of property made by his debtor until after recovery of judgment against the debtor and return of execution unsatisfied. Southard v. Benner, 72 N. Y. 424; Weaver v. Haviland, 142 N. Y. 534, 37 N. E. 641, 40 Am. St. Rep. 631.

The argument of plaintiff's counsel that the act of 1907 refers to a "creditor," and not a "judgment creditor," and therefore entitles a creditor at large to maintain this action, has no force. It might as well be argued that a creditor at large could maintain an action to set aside a transfer as fraudulent in a case of a sale of goods and chattels, unaccompanied by immediate delivery and not followed by actual and continued change of possession, because section 25 of the personal property law (Laws 1897, p. 511, c. 417) declares such a sale as presumptively fraudulent as against "creditors" of the vendor, and does not specifically mention "judgment creditors."

Plaintiff's counsel also argues that a trustee in bankruptcy may maintain a suit to set aside a transfer in fraud of creditors, and that he is in no different or better position than an ordinary creditor. The learned counsel's attention is invited to a study of the case of Southard v. Benner, supra, for an understanding of the distinction to be observed between a judgment creditor and a trustee.

The demurrer to the complaint must be sustained, with costs. As it seems to be conceded that the plaintiffs are not judgment creditors, no useful purpose would be served by permitting an amendment of the complaint.

Demurrer sustained, with costs.