Jᴏsᴇᴘʜ Sᴇᴇᴍᴀɴ et al., Respondents, *v.* Lᴏᴜɪs Lᴇᴠɪɴᴇ et al., Appellants.

(Supreme Court, Appellate Term, March, 1910.)

Constitutional law — Deprivation of life, liberty or property without due process of law — Rules of evidence — Presumptions.
Fraud — Actions: Evidence — Sufficiency: Questions for jury.

> Section 44 of the Personal Property Law, declaring that a transfer of an entire stock of goods in bulk without the previous notice which the section requires will be presumed to be fraudulent and void as to the creditors of the seller, is constitutional.

> Whether such transfer is fraudulent and illegal is a question of fact in the determination of which the court or jury is required to consider the presumption of fraud and illegality arising from a violation of the statute.

> Where the stock and fixtures of a grocery store levied on under a warrant of attachment were delivered to the defendants, to whom a bill of sale of the same in bulk had been given, upon their giving a bond which provided that if, in an action thereon commenced within three months, the obligor failed to establish that he was the general owner of the goods at the time they were seized under the warrant of attachment, he would pay to the plaintiffs in the attachment suit the value of the goods, with interest; and where, in an action upon the bond, it was proved that no notice of the transfer of the stock was given to the creditors of the defendants in the attachment suit, the evidence was sufficient to establish the defendants' liability upon the bond; and a judgment in plaintiffs' favor will be affirmed, though it is conceded that, except for the presumption of fraud and illegality, under section 44 of the Personal Property Law, the evidence was insufficient to justify a judgment in plaintiffs' favor.

> Bɪᴊᴜʀ, J., dissented.

Aᴘᴘᴇᴀʟ by the defendants from a judgment in favor of the plaintiffs, rendered in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Philip Cohen, for appellants.

Clarence McMillan (Norman G. Hewitt, of counsel), for respondents.

Seabury, J. The plaintiffs sue upon a bond given by the defendants on a third party claim to goods levied upon under a warrant of attachment, in an action brought by the plaintiffs against one Chill. The evidence established that Chill was indebted to the plaintiffs and to several others; that, on January 27, 1909, Chill transferred the stock and fixtures of a grocery store of which he was the owner to Sakow by a bill of sale, and that, on February 2, 1909, by a bill of sale, Sakow transferred the property to the defendant Levine. It was also proved that, at the time the plaintiffs caused the property to be levied upon under the warrant of attachment in this action against Chill, the property was delivered to the defendant Levine upon the latter giving a bond to the plaintiffs. This bond provided as follows: " If in an action upon this bond commenced within three months thereafter, the said claimant will establish that he is the general owner of the property claimed at the time of the seizure; or if he fail so to do that he will pay to the said Joseph Seeman, Sigel W. Seeman, Sylvan L. Styx and Carl Seeman, the value thereof with interest, then this obligation to be void, otherwise to remain in full force and virtue." It was also proved that no notice of any transfer by Chill of his property was given to his creditors. One of the issues upon the trial was whether the bill of sale which Chill executed to Sakow and the transfer of his property which took place under it were valid or invalid. It is conceded that, except for the presumption that the sale was fraudulent and illegal which arises from section 44 of the Personal Property Law, the evidence was insufficient to justify a judgment for the plaintiffs. Section 44 of the Personal Property Law provides as follows:

" Sec. 44. Transfer of goods in bulk.— 1. The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferrer's business, or the transfer of an entire such stock in bulk, shall be presumed to be fraudulent and void as against the creditors of the transferrer, unless the proposed transferee shall, at least five days before the transfer, in good faith, make full and

explicit inquiry of the transferrer as to the names and addresses of each and all of the creditors of the transferrer, and unless such transferee shall at least five days before the transfer in good faith notify or cause to be notified of the proposed transfer personally or by registered mail each of the creditors of the transferrer of whom such transferee has knowledge, or can with the exercise of reasonable diligence acquire knowledge.

" 2. The transferrer shall at least five days before such transfer fully and truthfully answer in writing such transferee's inquiries as to the names and addresses of the transferrer's creditors, and if such transferrer shall knowingly or wilfully refuse so to answer or make or deliver or cause to be made or delivered to such transferee any false or incomplete answer to such inquiries, said transferrer shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished accordingly.

" 3. Transfers under this section shall include sales, exchanges and assignments, but nothing contained in this section shall apply to transfers by executors, administrators, receivers, assignees under a voluntary assignment for the benefit of creditors, trustee in bankruptcy, or by any public officer under judicial process."

The appellants assert that this statute is unconstitutional and contend that, even if it is constitutional, it is inapplicable to the present case. A former statute which declared that a sale made contrary to its terms was " fraudulent and void as against the creditors of the seller " was declared to be unconstitutional in Wright v. Hart, 182 N. Y. 330. The present form of the statute is the result of an amendment passed in 1904; and, as amended, the statute does not declare that such sales " shall be fraudulent and void," but merely that they " will be presumed to be fraudulent and void." In its present form the constitutionality of the statute has been upheld by the Appellate Division of the Second Department in Sprintz v. Saxton, 126 App. Div. 421. We think that this decision meets the objections which are now urged against the constitutionality of the statute.

The contention that the statute is inapplicable to the

present action proceeds from an attempt to give the statute so technical a construction as to defeat its purpose. While the statute may well be considered of doubtful wisdom, if it is constitutional, the courts should strive to apply it so as to give effect to its purpose. There is no justification for the contention that only judgment creditors can take advantage of its provisions. The statute distinctly provides that sales made contrary to its terms "shall be presumed to be fraudulent and void as against the *creditors* of the seller." Whether the transfer from Chill was fraudulent and illegal was a question of fact for the trial court or jury to determine. In making this determination it was required to consider the presumption of fraud and illegality which arose from the fact that the property was transferred in violation of the statute. Nor can the defendants avoid liability upon their bond by the claim that, even if the transfer from Chill to Sakow was void, the defendant Levine purchased the property in good faith from Sakow. The evidence shows that the defendant Levine knew that the transfer from Chill to Sakow was of the whole stock. Such a transfer was presumptively fraudulent under the provisions of the statute "unless" the notice prescribed by the statute was given. When the defendant Levine purchased the property from Sakow, he did so with knowledge of the fact that Sakow's title was presumptively fraudulent unless the statutory notice had been given. In purchasing the stock with this knowledge, we think that the defendant Levine assumed the burden of establishing that the statutory notice was given in order to be allowed to occupy the position of a purchaser in good faith.

The evidence was sufficient to establish the defendants liability under the bond, and the judgment should be affirmed.

LEHMAN, J., concurs.

BIJUR, J. (dissenting). The only evidence from which it can be inferred that defendant had any knowledge that Sakow had bought the goods in bulk from Chill is that given

by defendant himself. When testifying to the conversation he had had with Sakow at the time of defendant's purchase, he testifies: " I said, ' What can you do for me ? ' He said, ' I bought this place of business, and I would like to dispose of it.' He said he bought it and he would like to get rid of it."

I do not regard this conversation as sufficient notice to the defendant that his vendor had previously bought the goods in bulk, so as to put him upon inquiry whether his vendor had or had not fully complied with the provisions of section 44 of the Personal Property Law. Consequently I do not consider defendant chargeable with knowledge that there was even a presumption of any defect in his vendor's title to the goods.

The judgment below should be reversed.

Judgment affirmed.