(170 App. Div. 42)

TOURIS et al. v. KARANTZALIS et al.

(Supreme Court, Appellate Division, First Department. November 19, 1915.)

1. PLEADING ⊙⟿214—DEMURRER—EFFECT.
    A demurrer admits all pertinent allegations of the complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⊙⟿214.]

2. FRAUDULENT CONVEYANCES ⊙⟿219—PERSONAL PROPERTY—SALES OF GOODS IN BULK.
    Personal Property Law (Consol. Laws, c. 41) § 44, as amended by Laws 1914, c. 507, declares that the sale of any stock of merchandise in bulk, otherwise than in the ordinary course of trade, shall be void against the creditors of the seller, unless the seller and the purchaser shall five days before sale make a complete inventory, and unless the purchaser shall demand from the seller a written list of the names of his creditors, and shall at least five days before taking possession personally notify, or by registered mail notify, every creditor whose name and address is stated on the list, and that in case of failure the purchaser shall be liable as a receiver to such creditors. *Held*, that simple contract creditors, whose claims have not been reduced to judgment, come within the statute, and are entitled to relief.
    [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 646; Dec. Dig. ⊙⟿219.]

Appeal from Special Term, New York County.

Action by Sotirios A. Touris, Socrates Moscahlades, and Stelianos Moscahlades, doing business as Moscahlades Bros., in behalf of themselves and other creditors of Demetrios Karantzalis, against Demetrios Karantzalis and another. From an order denying plaintiffs' motion for judgment on the pleadings, plaintiffs appeal. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis M. Applegate, of New York City, for appellants.
Douglass C. Lawrence, of New York City, for respondents.

SCOTT, J. This action is brought by plaintiffs, in their own behalf and in behalf of all other creditors of Demetrios Karantzalis, to reach certain property belonging to said Karantzalis which he attempted to sell to the defendant Nicholas S. Monahos, in violation of what is known as the Bulk Sales Law of this state (section 44 of the Personal Property Law, as amended by Laws 1914, c. 507, § 1), and a similar statute in the state of New Jersey (Laws N. J. 1915, c. 208, §§ 1 to 4, inclusive).

The section of the Personal Property Law of this state applicable to the present case reads as follows:

"Sec. 44. *Transfer of Goods in Bulk.*
"1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures pertaining to the conducting of the business of the seller, transferrer or assignor, otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void as against the creditors of the seller, transferrer or assignor unless the seller, transferrer or assignor and the purchaser, transferee or assignee shall at least five days before the sale make a full and detailed inventory, showing

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferrer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor a written list of the names and addresses of the creditors of the seller, transferrer or assignor with the amount of the indebtedness due or owing to each and certified by the seller, transferrer or assignor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, transferee or assignee shall at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. * * *

"3. Any purchaser, transferee or assignee who shall not conform to the provisions of this section shall upon application of *any of the creditors* of the seller, transferrer or assignor become a receiver and be held accountable *to such creditors* for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment."

This amendment of the law took effect April 23, 1914. The similar act in the state of New Jersey, while differing slightly in phraseology, is to the same effect, and specifically declares a sale made in violation of its terms to be void, and that such a sale is absolutely void has been judicially held in that state. Kett v. Masker, 86 N. J. Law, 97, 90 Atl. 243.

[1] The complaint alleges: That the defendant Demetrios Karantzalis prior to June 23, 1915, was in the retail grocery business in Newark, N. J., and owned and operated a grocery store, and in the course of said business incurred indebtedness to plaintiff and other creditors, which on said 23d day of June, 1915, remained due and unpaid. That the value of his stock and fixtures on said date was $700. That on said date the said Karantzalis, in the city of New York, sold and transferred all the goods then and there found in his said store, in bulk, otherwise than in the ordinary course of trade, to the defendant Nicholas S. Monahos. The complaint then goes on to show in detail that none of the requirements of the statute under which such a sale could be validly made were complied with. Appropriate relief is asked to render the defendant Monahos liable to account to the plaintiffs and other creditors. The demurrer, of course, admits all the pertinent allegations of the complaint, and it is not questioned on this appeal that the complaint sufficiently alleges the invalidity of the sale to Monahos.

[2] The only question argued before us is whether or not a simple creditor of the seller may maintain an action under the statute, or whether such an action may be maintained only by a judgment creditor. The learned justice from whose order the appeal is taken was of opinion that such an action could be maintained only by a judgment creditor, and for that reason he sustained the demurrer, and denied plaintiffs' motion for judgment. In this he followed a number of Special Term decisions and one by the Appellate Term in the Second Department. Klein v. Maravelas, 89 Misc. Rep. 466, 152 N. Y. Supp. 584; Rubinsky v. Spiro, 60 Misc. Rep. 582, 113 N. Y. Supp. 852; Jewett v. Maytham, 59 Misc. Rep. 56, 109 N. Y. Supp. 1000. A contrary ruling was made by Mr. Justice Davis in Matter of Pastene & Co., 156 N. Y. Supp. 524, and the Appellate Term in this department

has rendered a dictum in accordance with his views.    Seeman v. Levine, 67 Misc. Rep. 74–77, 121 N. Y. Supp. 645.

We are disposed to take the view that any creditor of the seller, whether his claim has been put in judgment or not, may sue under the act.  The statute uses the word "creditors" without any qualification in the phrase which declares that a sale in violation of the act "shall be void as against the creditors of the seller."   It uses the same word in two other places in the same subdivision in such connection that it cannot reasonably be confined to judgment creditors. The purchaser or transferee is required to demand and receive "a written list of the names and addresses of the *creditors* of the seller," and is also required to "notify personally or by registered mail *every creditor* whose name and address are stated in said list or of whom he has knowledge of the proposed sale and of the price, terms and conditions thereof."   It is obvious that the creditors, thus thrice specified in the first subdivision of the section, include all creditors, and are not limited to those who have obtained judgments.   When we come to the third subdivision, we find the word "creditors" used again without qualification and in such a way as to clearly indicate that the word was intended to have the same meaning as when used in the first subdivision.   The language is that:

"Any purchaser, transferee, or assignee, who shall not conform to the provisions of this section shall upon application of any of the *creditors* of the seller, transferrer or assignor become a receiver and be held accountable to *such creditors*," etc.

It seems to be quite evident that it was the intention of the Legislature to extend the benefits of the act to all creditors, including simple creditors, and to authorize them to proceed against the purchaser or the transferee.   Under no other construction can the act be made to be really effective.   The remedy given is a new one, and analogies drawn from the practice in creditors' suits and actions in aid of an execution are of little value.   The act itself, within its own lines, condemns sales made in violation of it, and declares the remedy.   This is the construction given to a similar act by the Supreme Court of Michigan in Coffey v. McGahey, 181 Mich. 225, 148 N. W. 356.   In that case the court said:

"Further, the remedy in the instant case is given by the statute, by which any and all creditors may, as soon as knowledge comes to them that the requirements of the statute have not been followed, proceed immediately, not to set aside the sale, but to impound the property or its proceeds.   Upon application of any of the creditors, 'any purchaser shall become a receiver and be held accountable,' etc., is the reading of the statute, and for this reason the judgment creditor rule does not apply.   *   *   *   The bill of complaint is not filed upon the theory of a judgment creditor's bill, or a bill in aid of execution, but upon the theory that the statute made the transfer to defendant Baker absolutely void as to creditors; that creditors of McGahey are entitled to reach this property and apply it upon their claims."

See, also, Humiston, Keeling & Co. v. Yore, 181 Mich. 629, 148 N. W. 266; Scheve v. Vanderkolk, 97 Neb. 204, 149 N. W. 401.

This disposes of the only question argued before us, and necessitates a reversal of the order appealed from.

Order reversed, with $10 costs and disbursements, and motion for judgment granted, with $10 costs, with leave to respondent to withdraw the demurrer and answer within 20 days upon payment of said costs. Order filed. All concur.