APEX LEASING COMPANY, INCORPORATED, Appellant, *v.*
SAMUEL LITKE, Defendant, and LITKE STORES, INCOR-
PORATED, Respondent.

*Apex Leasing Co., Inc.,* v. *Litke,* 173 App. Div. 323, affirmed.

(Argued November 20, 1918; decided December 10, 1918.)

APPEAL from a judgment entered June 23, 1916, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, reversing a judgment in
favor of plaintiff entered upon a decision of the court
on trial at Special Term and directing a dismissal of the
complaint.  The judgment at Special Term set aside
a certain sale of merchandise in bulk as void under
section 44 of the Personal Property Law.  One Samuel
Litke, the owner of two stores, sold one of them to defend-
ant.  At the time of the sale he gave to the purchaser a
list of his creditors, but did not include the name of
plaintiff.  Plaintiff was not notified of the sale, and,
therefore, attacked the validity thereof because at the
time of the transfer there was an outstanding lease
existing between plaintiff and Litke for the other store,
having a little less than four years to run at an annual
rental.  The lease contained a clause providing that in
case of non-payment of rent the landlord might terminate
the lease and repossess himself of the premises by sum-
mary or dispossess proceedings, and that in that event
the landlord might relet the premises and the tenant
would pay the difference between the amount to be paid
as rent reserved and the amount of rent which shall be
collected.  Later on, Litke was dispossessed from the
said store by summary proceedings for the non-payment
of one month's rent, whereby the lease was canceled and
the landlord repossessed himself of the premises.  Plain-
tiff subsequently brought action against Litke for its
damages resulting from its failure to re-rent the store
and recovered judgment, and upon this claim and judg-
ment predicated its right to maintain this action upon
the theory that its claim for these damages consti-
40

tuted it a creditor within the provisions of the Bulk Sales Law.

*Walter H. Bond* for appellant.

*Arthur Furber* and *Henry H. Glass* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.