### CORNELIUS v. C. C. PICTURES, Inc.

### WENER v. HARPER et al.

(Circuit Court of Appeals, Second Circuit.  February 4, 1924.)

#### No. 223.

1. **Chattel mortgages ⊂⟝191—Actual delivery of possession necessary to validate unrecorded mortgage.**

    Under Lien Law N. Y. § 230, providing that every chattel mortgage "not accompanied by an immediate delivery and followed by an actual and continued change of possession" shall be void as against creditors unless filed for record, as construed by the state courts, to validate an unrecorded mortgage there must be an actual, and not merely a constructive, change of possession.

2. **Chattel mortgages ⊂⟝191—Letter to custodian of property held not to effect "change of possession."**

    Where a borrower verbally agreed that as collateral to the note given for the loan it would assign its interest in certain negatives and pictures then in possession of a third party, a letter to such party, directing that the negatives should not be removed nor prints made therefrom without the written consent of the lender, but without stating what his interest was therein, or that they were delivered into his possession, *held* not to constitute a valid chattel mortgage under Lien Law N. Y. § 230.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Change.]

3. **Creditors' suit ⊂⟝33—Receivers in creditors' suit may contest validity of chattel mortgage.**

    Receivers appointed in a creditors' suit represent all general creditors for whose benefit the suit is brought, and may contest the validity of a chattel mortgage which any creditor might contest under Lien Law N. Y., § 230.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Harold C. Cornelius against C. C. Pictures, Inc., and Harold Harper and Nathaniel S. Corwin, as its ancillary receivers. Jacob Wener, intervening petitioner, appeals from an order denying his claim to a lien. Affirmed.

See, also, 296 Fed. 487, 490.

Suit in equity by Harold C. Cornelius, complainant, against C. C. Pictures, Inc., defendant. In the matter of the intervening petition of Jacob Wener against the ancillary receivers of the C. C. Pictures, Inc. From an order made denying the motion of the petitioner to sell cer-

---

⊂⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tain negatives of motion pictures and decreeing that the petitioner had no lien upon the property, the petitioner appeals.

Mark Eisner, of New York City (Irwin M. Berliner, of New York City, of counsel), for appellant.

Wing & Russell, of New York City (Burt D. Whedon, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Receivers in equity of the C. C. Pictures, Inc., were appointed on January 20, 1923. The appellant, on November 2, 1922, entered into an agreement in writing whereby he loaned the defendant $25,000 upon a promise to repay it in 90 days. For the loan there was given a promissory note. The agreement provided that as collateral to said loan, the defendant assign all its rights, title, and interest in certain negatives and pictures then in the custody of the Evans Film Manufacturing Company. On November 2, 1922, at appellant's request, the defendant wrote the Evans Company:

"This is to advise you that pursuant to an agreement made to-day with Mr. Jacob Wener of 565 Fifth avenue, New York City, the following negatives that you are holding shall not be removed from your establishment, except upon the written order of Mr. Wener:

| | |
|---|---|
| The Cure | Behind the Screen |
| The Count | The Pawnshop |
| The Adventurer | The Floorwalker |
| One A. M. | The Immigrant |
| The Vagabond | The Rink |
| The Fireman | |

"You are further notified that no prints shall be made from such negatives, except upon the written consent of Mr. Wener and in such number only as he shall signify in such consent.

"Will you kindly acknowledge receipt of this letter."

[1] The agreement was never recorded. The negatives at all times remained in the possession of the Evans Company. The appellant moved for leave to sell the pictures to satisfy his alleged chattel mortgage lien, and from the denial of that motion this appeal is taken. The appellees, receivers, contest the appellant's claims because they contend the chattel mortgage was void for the reason that it was not filed, and, further, because there was no delivery to the appellant followed by an actual change of possession of the property mortgaged, as required by section 230 of the New York Lien Law (Consol. Laws, c. 33). That section provides:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, * * * unless the mortgage, or a true copy thereof, is filed as directed in this article."

[2] A constructive delivery and a change of possession are argued for because of the letter of November 2d to the Evans Company. But the letter does not notify the custodian that it was to hold the negatives as the property of the appellant or even that a mortgage on the negatives was given. There is no suggestion of a change of possession for the

benefit of the appellant. It will be observed the statute says there must be a delivery followed by actual or continued change of possession. The New York state courts have construed this to mean that a constructive delivery or change of possession is not sufficient.

"To satisfy the provision of the statute * * * declaring every chattel mortgage not accompanied by immediate delivery and 'followed by an actual and continued change of possession' of the mortgaged property to be void unless the mortgage is filed, and that a mortgage so filed shall cease to be valid as against creditors after one year unless a copy be filed, etc., a constructive or legal change of possession is insufficient; the possession by the mortgagee must be actual, open and public." Steele v. Benham, 84 N. Y. 634; Siedenbach v. Riley, 111. N. Y. 567, 19 N. E. 275.

Reliance is placed by the appellant on the authority of Union Trust Co. v. Wilson, 196 U. S. 530, 25 Sup. Ct. 766, 49 L. Ed. 1154. That was not a case interpreting the New York Lien Law. There a third party, a warehouseman, expressly agreed to hold the property as agent for the mortgagee and the mortgagor surrendered all control of it when he delivered up the warehouse receipt to the mortgagee.

The purpose of recording is to prevent frauds upon creditors and subsequent purchasers that are sometimes perpetrated by means of secret liens or claims and to compel owners and lienholders to give plain and public notice to creditors and purchasers of their claims upon property to the end that the latter may not be deceived in giving credit to or into buying of an apparent owner when the beneficial interest or the real title in the property is held by another. Strahorn Co. v. Quigg, 97 Fed. 735, 38 C. C. A. 395. The strongest indication of ownership or a lien upon personal property is possession. It is for this reason that delivery of the possession of personal property to the mortgagee has been universally held to invalidate an unrecorded mortgage. It is in many statutes, in effect, sufficient to validate an unrecorded mortgage and is therefore an effectual substitute for its record. The change of possession which may have effect must accomplish what recording acts are intended to accomplish. It must give notice of the claim of a mortgagee as effectually as a record of the mortgage. Therefore, the possession must be open, public, actual or apparent so that a creditor or purchaser who undertakes to deal with the owner or the property would be likely to receive notice of the possession of the mortgagee and through that of the lien of the mortgage before he lends his money or buys the property.

[3] It is argued that the appellees, receivers, have no power to oppose this application. In other words, that they may not contest the invalidity of the mortgage under section 230 of the New York Lien Law. Receivers appointed in a creditors' suit represent all general creditors for whose benefit the suit is brought, within the meaning of this section of the lien law and may contest the validity of a mortgage on property which is part of the estate they represent. Amer. & British Securities Co. v. Amer. & British Mfg. Corp. (D. C.) 275 Fed. 121; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.

Order affirmed.