Samuel C. Newman, as Trustee in Bankruptcy of Salvatore Chieffo, Plaintiff, v. William Deveson, Defendant.

Supreme Court, New York County, February 25, 1926.

Sales — bulk sale — action by trustee in bankruptcy under Personal Property Law, § 44, to have bulk sale declared void — statute gives right of action to creditors who held claims at time sale was made — complaint dismissed.

A trustee in bankruptcy cannot maintain an action under section 44 of the Personal Property Law to have a bulk sale made by the bankrupt set aside as void for the statute gives the right of action to creditors who were such at the time of the sale in case the provisions of the statute were not complied with, and, therefore, the complaint in this action must be dismissed.

Motion by the defendant for an order dismissing the complaint.

*Edward D. Newman*, for the plaintiff.

*John M. Digney*, for the defendant.

Glennon, J. One Salvatore Chieffo was adjudicated a bankrupt on May 16, 1925. The plaintiff was duly appointed trustee in bankruptcy on or about the 19th day of June, 1925. This action is predicated upon the theory that the defendant, in the purchase from Chieffo of the merchandise and fixtures in a garage located at No. 12 North William street, White Plains, failed to comply with the provisions of section 44 of the Personal Property Law of the State (as amd. by Laws of 1914, chap. 507). It is alleged that the sale took place on the 31st day of December, 1924, more than four months prior to the date of the adjudication.

The main question at issue is as to whether or not the plaintiff, in his capacity as trustee, is vested with the authority to commence this action under the provisions of section 44. The trustee in bankruptcy upon his appointment acquires the right to administer the bankrupt's estate. It has been said that the trustee steps into the shoes of the bankrupt. He has the power under the provisions of paragraph e of section 67 of the Bankruptcy Act (30 U. S. Stat. at Large, 564, as amd. by 32 id. 800, § 16; U. S. Comp. Stat. § 9651) to set aside a transfer of property in fraud of creditors. It must be conceded that section 44 of the Personal Property Law was not enacted to protect the individual who makes a sale of goods in bulk, but was designed simply to protect those who were creditors at the time the sale took place. In *Apex Leasing Co., Inc.*, v. *Litke* (173 App. Div. 323; affd., without opinion, 225 N. Y. 625) Mr. Justice Smith said: " The Bulk Sales Act being in derogation of common

law must be strictly construed. The transfers therein specified are made void as against the creditors of the seller, unless such creditors' names are included in the inventory and a notice be given to such creditors of such sale. The provisions of the statute, therefore, could hardly be applicable to parties who were not creditors at the time of the transfer, and who only might become creditors upon the happening of some contingency. It will be noticed that the Bulk Sales Act, as it now stands, declares a transfer made in violation thereof absolutely void, irrespective of any fraudulent intent on the part of the transferor."

The provisions of the statute are applicable to those who were creditors of Chieffo on December 31, 1924. If they should see fit not to press their claims under the provisions of section 44 of the Personal Property Law, those who became creditors thereafter could not enjoy the benefits which would result from a judgment of the court declaring the transfer void. Assuming that a sale complained of involved a large amount of money, and that the claim of a creditor, who is protected by the provisions of the Personal Property Law, was exceedingly small, would it follow that the whole transaction should be declared void? I think not. The purpose is only to protect those who were creditors at the time of the sale, to the extent only of their lawful claims. The right is an individual one, which may or may not be exercised by those for whose benefit the statute was enacted. A creditor has a right under our statute to commence an action under the provisions of section 44 for the benefit of himself and other creditors similarly situated. It was not the purpose of the Legislature to confer any rights other than those which are acquired by the provisions of the statute. The plaintiff as an individual, upon the facts set forth in the complaint, undoubtedly has a cause of action against the defendant. A different situation obtains, however, in his capacity as trustee. It may well be that the plaintiff as trustee is in a position to plead facts which show the transfer now complained of was a fraudulent one under the common law. He cannot, however, base his complaint solely upon the provisions of the section referred to.

For the reasons assigned herein, the complaint will be dismissed.