LEON HERSCH CORPORATION and Others, Plaintiffs, *v.* MAX GOLDBERG, Defendant.

Supreme Court, Erie County, February 26, 1926.

Sales — bulk sale in violation of Personal Property Law, § 44 — notice was not given to creditors — proceeding for appointment of receiver — seller not made party to proceeding — general creditors cannot avail themselves of statute — disinterested party appointed receiver.

In proceedings under section 44 of the Personal Property Law to appoint a receiver of property sold in bulk, without notice to creditors of the seller, in violation of that section, the general creditors of the seller cannot avail themselves of the benefit of the provisions of section 44 of the Personal Property Law, since the seller is not a party of the proceeding; but a receiver is appointed at the instance of a judgment creditor, and in view of the fact that the receivership may continue until the general creditors have reduced their claims to judgment, the court appoints a disinterested party as receiver.

ACTION for the appointment of a receiver, under section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507).

*Saperston, McNaughton & Saperston,* for the plaintiffs Leon Hersch Corporation and others. .

*MacGregor & Dale,* for the plaintiffs Bert Goldman and another.

*Knibloe, Lipsite & Lipsite,* for the defendant.

HARRIS, J. Upon the trial it was proven that one Pincus Cohen had sold his entire stock of jewelry and fixtures in his retail jewelry business, conducted under the name of " Coles " in the city of Buffalo, and that neither the seller nor the purchaser, the defendant, Max Goldberg, gave the five days' notice in writing to the creditors,

as provided in section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507).

It was further proven that certain judgments had been secured against said Pincus Cohen. Further proof was made that there were a number of creditors of the said Pincus Cohen, but that such debts had not been reduced to judgment, and in view of the fact that the said Pincus Cohen was not made a party to this action, I am of the opinion that such creditors who had not reduced their claims to judgment could not avail themselves of the provisions of section 44 of the Personal Property Law.

In view of the fact that there were judgment creditors, and that the notice was not given, I am of the opinion that, as to such judgment creditors, the transfer was void, and that the said Max Goldberg holds the stock and fixtures as a trustee for the creditors, and that a receiver should be appointed. In view of the fact that such receivership may continue until the simple creditors have reduced their claims to judgment, I am of the opinion that this is an action in which a disinterested party should be appointed as a receiver. I name Jacob Kick, a counselor of this court, as such receiver.

Findings and judgment may be prepared and submitted, embodying the provisions of the above decision. The judgment creditors who appear as plaintiffs may have one bill of costs.