S. SILBERSTEIN & SON, INC., Respondent, v. DAVID COHEN and Another, Individually and as Copartners Doing Business as COHEN & KATZ, and Others, Appellants.

First Department, December 23, 1927.

Sales — sales in bulk — sufficiency of complaint in action by alleged creditor — complaint which merely alleges commencement of action prior to transfer and entry of judgment some years thereafter is not sufficient under Bulk Sales Act (Pers. Prop. Law, § 44) — count as to conveyance in fraud of creditors sufficient.

Plaintiff brings this action as an alleged creditor in which it attacks a sale in bulk of property of the individual defendants to the corporation defendant. The complaint alleged merely that the plaintiff instituted an action against the individual defendants prior to the transfer and that some years later a judgment was entered in that action. The allegation stated does not show that the plaintiff is a creditor authorized to maintain an action under the Bulk Sales Act (Pers. Prop. Law, § 44).

Tho first cause of action in the complaint, however, which seeks to set aside a conveyance as in fraud of creditors is sufficiently alleged. In that cause of action it is alleged that there was no consideration for the transfer that was made to defraud creditors; that the individual defendants intentionally participated therein with the purpose to defraud the plaintiff by rendering uncollectible any judgment it might recover.

O'MALLEY, J., dissents, with memorandum.

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of June, 1927.

*Abraham Green* of counsel [*Krámer & Kleinfeld*, attorneys], for the appellants.

*George E. Netter* of counsel [*Burnstine & Geist*, attorneys], for the respondent.

MARTIN, J. The defendants moved for judgment " as demanded in the answer," a dismissal of the complaint, " and more particularly for judgment dismissing the second cause of action " for insufficiency. The motion was denied and judgment was granted in favor of plaintiff for the relief demanded in the second cause of action.

The second count is an attempt to state a cause of action for relief under the Bulk Sales Act or the Sales in Bulk Act (Pers. Prop. Law, § 44, as amd. by Laws of 1914, chap. 507); and it is attacked as failing to allege that plaintiff was a creditor prior to the transfer of the partnership and individual assets of and by the partners David Cohen and Joseph Katz to Benjamin Cohen and Louis Cohen who turned the same over to Cohen & Katz, Inc., to which, as alleged, no other capital was paid in.

It is alleged and not denied that at the time of said transfers of assets, plaintiff had brought suit in the City Court against Katz and David Cohen, in which some years later judgment was entered for plaintiff. The nature of the City Court action is not pleaded.

At Special Term it was held that the judgment evidences a *debt* from the commencement of the City Court action, thus making plaintiff a " creditor " before the transfers.

We are of the opinion that every chose in action is not necessarily a " debt " so as to give its owner a standing as a " creditor " under the Sales in Bulk Act. (*Apex Leasing Company, Inc.,* v. *Litke,* 173 App. Div. 323; affd., 225 N. Y. 625; *Matter of Hevenor,* 144 id. 271.) Whether plaintiff was such at the time of the transfer cannot be determined from the complaint.

We are required, therefore, to hold that the second count is defectively stated.

The first cause of action to set aside a conveyance as in fraud of creditors is sufficiently alleged. It includes allegations to the effect that there was no consideration for either of said transfers; that they were made to defraud creditors, in which fraudulent attempt Benjamin and Louis Cohen are alleged to have intentionally participated, the transfers being intended, as it is set forth, by all to defraud plaintiff by rendering uncollectible any judgment it might recover.

The order should be reversed, with ten dollars costs and disbursements, the plaintiff's motion denied, and defendants' motion granted as to the second cause of action and denied in all other respects, with leave to plaintiff to serve an amended complaint on payment of said costs.

Dowling, P. J., Merrell and Proskauer, JJ., concur; O'Malley, J., dissents.

O'Malley, J. (dissenting). I dissent. The prevailing opinion is based solely upon the fact that the plaintiff has failed to allege that it was a creditor at the time of the transfer in bulk. The cases relied upon are merely to the effect that a *contingent* creditor is not a creditor within the purview of the Sales in Bulk Act or the Bulk Sales Act (Pers. Prop. Law, § 44, as amd. by Laws of 1914, chap. 507). The plaintiff here is entitled to every reasonable and fair intendment from the face of the complaint. Giving it such, I am of the opinion that the complaint sufficiently alleges that it was a creditor at the time of the transfer. Its action at law was admittedly pending at the time of such transfer and thereafter was successfully prosecuted to judgment in its favor. In an action at law the rights of the parties are determinable as of the

date of the commencement of the action. The judgment in plaintiff's favor, therefore, leads irresistibly to the conclusion that at the time of the commencement of the action and up to the time of judgment, it was a full, and not a contingent creditor. A disputed claim is not necessarily a contingent claim. Had it been a contingent creditor its action would have been premature and not maintainable.

I, therefore, vote to affirm the order in all respects.

Order reversed, with ten dollars costs and disbursements, and motion of the plaintiff denied, and the defendants' motion for judgment dismissing the second cause of action granted, with leave to the plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.