FRANK WILLI and Another, Plaintiffs, *v.* MARY BOWDEN LYON and Others, Defendants.

Supreme Court, New York County, January 5, 1928.

Sales — bulk sales — action by creditors, under Personal Property Law, § 44 — action is maintainable for benefit of general creditors as well as judgment creditors — allegation that sum advanced was " for and on behalf of " defendants' restaurant business sufficient.

Plaintiffs, who are creditors with absolute claims against defendants, may maintain this action, under the Bulk Sales Act (Pers. Prop. Law, § 44), for any creditor of a seller, whether a judgment creditor or otherwise, may sue under the act. Furthermore, an allegation in the complaint that the sum advanced was " for and on behalf of " defendants' restaurant business, is sufficient, for the fair import of the allegation is that the obligation was contracted in and for the conduct of the business.

MOTION by defendants Moore and Malester for an order dismissing the complaint under rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action.

*Edward A. Brown,* for the plaintiffs.

*Edward I. Wechsler,* for the defendants Moore and Malester.

FRANKENTHALER, J. The defendants contend chiefly that since the complaint does not allege that plaintiffs are *judgment* creditors, this action, which is brought under section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507), commonly known as the " Bulk Sales Act," cannot be maintained. But it has been held that " any creditor of the seller, whether his claim has been put in judgment or not, may sue under the act " (*Touris v. Karantzalis,* 170 App. Div. 42, 45), and " that the remedy given by the statute was intended for the benefit of general creditors, as well as judgment creditors." (*Matter of Perman,* 172 App. Div. 14, 16.) The plaintiffs herein are creditors. Their claims were absolute and not contingent at the time of the transfer. The nature of their claims has been fully set forth. The instant case is readily distinguishable from the case of *Silberstein & Son, Inc.,* v. *Cohen* (222 App. Div. 249), where a complaint under the Bulk Sales Act was held insufficient by Mr. Justice MARTIN because the plaintiff did not plead fully the nature of his claim. Some of the cases cited by the defendants in their brief in support of their contention were expressly referred to by Mr. Justice SCOTT in the *Touris Case (supra),* where he declined to follow them. Defendants do not distinguish between the ordinary judgment creditor's action,

on the one hand, and the new remedy created by the Bulk Sales Act which is afforded to all creditors on the other hand. The defendants' second objection to the complaint that the sum of money advanced is not a debt contracted in and for the conduct of the restaurant business is without merit for the fair import of the allegation in paragraph 2 of the complaint that this advance was " for and on behalf of the said restaurant business " is that the obligation was contracted in and for the conduct of the business. The complaint must be reasonably construed in this regard. Irrespective of the sufficiency of this allegation, however, the allegations in the complaint as to the sale of merchandise entitle plaintiffs to maintain this action. For the reasons stated it follows that the motion must be denied. Order signed.