### BRAUN v. AMERICAN LAUNDRY MACH. CO.

District Court, S. D. New York.
Jan. 26, 1932.

Tibbetts, Lewis & Rand, of New York City, for plaintiff.

Harold C. Mendelson, of New York City, (Peck, Shaffer & Williams, of Cincinnati, Ohio, of counsel), for defendant.

MACK, Circuit Judge.

The bill, alleging the necessary jurisdictional elements in that defendant is stated to be an Ohio corporation doing business in New York, while plaintiff and one of plaintiff's assignors are stated to be citizens of New York, and their claims as creditors of the General Laundry Machinery Company, hereinafter called General, a Delaware corporation doing business in New York, to amount to over $3,000 sets forth that the General became indebted to plaintiff prior to June 7, 1930, on or about which date it sold to defendant a considerable part of its stock in trade and fixtures employed in the conduct of its business, without complying with the requirements of the New York Bulk Sales Act (New York Personal Property Law [Consol. Laws, c. 41] § 44); that the General has been in equity receivership since January 8, 1931, under a decree entered on that day by the United States District Court for the Northern District of New York; and that plaintiff is suing in his own behalf and in behalf of such other creditors similarly situated as have joined in the prosecution of the suit by assigning their claims to him or may thereafter join by assignment or by agreeing to share the expense of the suit. It prays that the sale be declared void as against plaintiff and the creditors whom he represents; that defendant be declared a trustee of the property in question for their benefit; that it be enjoined from disposing of the property; and that a receiver thereof be appointed.

The motion to dismiss, in so far as it is predicated on the bill's failure to allege a judgment and return of execution or some legal excuse therefor, must be granted. It appears from the general history of legislation relating to sales in bulk (See Glenn, Law of Fraudulent Conveyances [1931] §§ 309, 314; 2 Williston, Sales [2d Ed.] 1924 § 643), and from the history of the New York Bulk Sales Act, that the act defines one among the several categories of fraudulent conveyances. Section 44 of the New York Personal Property Law [1] (The Bulk Sales Act) derives ultimately from Laws 1902, c.

---

[1] "Section 1. Section forty-four of chapter forty-five of the laws of nineteen hundred and nine, entitled 'An Act relating to personal property, constituting chapter forty-one of the consolidated laws,' is hereby amended to read as follows:

"§ 44. Transfer of goods in bulk. 1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise, or merchandise and of fixtures pertaining to the conducting of the business of the seller, transferrer or assignor, otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void as against the creditors of the seller, transferrer or assignor unless the seller, transferrer or assignor and the purchaser, transferee or assignee shall at least five days before the sale make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferrer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor a written list of names and addresses of the creditors of the seller, transferrer or assignor with the amount of the indebtedness due or owing to each and certified by the seller, transferrer or assignor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, transferee or assignee shall at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof.

"2. Sellers, transferrers and assignors, purchasers, transferees and assignees under this section shall include corporations, associations, co-partnerships and individuals. But nothing contained in this section shall apply to general assignments for the benefit of creditors or to sales by executors, administrators, receivers, trustees in bankruptcy, assignees under a voluntary assignment for the benefit of creditors or any public officer under judicial process.

"3. Any purchaser, transferee or assignee who shall not conform to the provisions of this section shall upon application of any of the creditors of the seller, transferrer or assignor become a receiver and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment: Provided, however, that any purchaser, transferee or assignee, who shall conform to the provisions of this act shall not be held in any way accountable under this section to any creditor of the seller, transferrer or assignor or to the seller, transferrer or assignor for any of the goods, wares, merchandise or fixtures that have come into the possession of such purchaser, transferee or assignee by virtue of such sale, transfer or assignment.

"§ 2. This act shall take effect immediately."

528, §§ 1–3, which provided that a "sale of any portion of a stock of merchandise other than in the ordinary course of trade * * * or the sale of an entire stock of merchandise in bulk, shall be fraudulent and void as against the creditors of the seller. * * * " Section 1. This enactment was held applicable to judgment creditors only in Veit v. Collins, 39 Misc. Rep. 39, 78 N. Y. S. 763 (1902). It was amended by Laws 1904, c. 569, §§ 1–4, to read that sales of the sort described "will be presumed to be fraudulent and void." This law was repealed, but in substance re-enacted, by Laws 1907, c. 722, §§ 1–5, which provided that sales in bulk "shall be presumed ·to be fraudulent and void." The remedy under this statute, too, was held available only to judgment creditors, in Rubinsky v. Spiro, 60 Misc. Rep. 582, 113 N. Y. S. 852 (1908). It was amended by Laws 1914, c. 507, embodied in the Consolidated Laws of New York as section 44 of the Personal Property Law, wherein it was for the first time specifically provided that a purchaser who did not conform to the provisions of the act "shall upon application of any of the creditors of the seller, transferrer or assignor become a receiver and be held accountable to such creditors for all the goods * * * that have come into his possession by virtue of such sale. * * * " Section 44, par. 3. The Court of Appeals of New York has not yet passed on the question whether "any of the creditors" includes simple contract creditors, but the lower courts of the state have inclined to the view that it does. Touris v. Karantzalis, 170 App. Div. 42, 156 N. Y. S. 526 (1st Dept., 1915); Matter of Perman, 172 App. Div. 14, 157 N. Y. S. 971 (1st Dept. 1916); Willi v. Lyon, 131 Misc. Rep. 73, 226 N. Y. S. 283 (Sup. Ct. N. Y. County, 1928). Contra (where debtor not joined as a defendant): Hersch Corporation v. Goldberg, 126 Misc. Rep. 857, 214 N. Y. S. 389 (Sup. Ct. Erie County, 1926). The Appellate Division of the First Department, in holding that the reduction of a claim to judgment is not a condition precedent to suit under the act, treats the act in this aspect as relating to matter of remedy. Touris v. Karantzalis, supra.

An instructive parallel is afforded by the case of American Surety Company of New York v. Conner, 251 N. Y. 1, 166 N. E. 783, 65 A. L. R. 244 (1929), involving the construction of sections added to the Debtor and Creditor Law of New York (Consol. Laws, c. 12) by the amendment of 1925 (chapter 254). "Creditor" is defined in the statute therein examined as a "person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." Section 270. It is provided that, "where a conveyance * * * is fraudulent as to a creditor, such creditor * * * may * * * a. Have the conveyance set aside. * * * " Section 278. The court, speaking through Chief Judge Cardozo, in holding that the old rule granting relief against a fraudulent conveyance only to a judgment creditor had been abrogated by the amendment, made it clear that it regarded the problem as one of change in remedy alone; a statutory waiver of a condition to relief in equity which a defendant himself at any time might have waived.

Accordingly, we must take it that the Bulk Sales Act conferred on plaintiff a substantive right in kind identical with the ancient right of a creditor to attack a transfer made with intent to hinder, delay, or defraud creditors, and that, like the Debtor and Creditor Law of 1925, the act as amended in 1914 also gave a procedural remedy which dispensed with conditions precedent such as were theretofore operative in suits under the Act and traditionally in force in suits to set aside transfers in fraud of creditors. The substantive equitable right thus created may be enforced in a federal court; the procedure in that court sitting in equity will, however, be governed, not by the remedial provisions of the state statute, but solely by the general principles of equity procedure as applied in the federal courts.

It is familiar learning that a creditor may maintain a bill to set aside a fraudulent conveyance in a federal court only if he has previously exhausted his remedy at law, ordinarily by judgment and return of execution nulla bona or if the debtor waives the judgment and return and admits the debt. Elimination of these prerequisites by state statute does not affect the federal rule; such procedural legislation controls only in the state courts. Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358 (1890); Cates v. Allen, 149 U. S. 451, 13 S. Ct. 977, 37 L. Ed. 804 (1893); cf. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763 (1923). The instant case, though not absolutely identical with suits to set aside conveyances fraudulent at common law or by statute, falls clearly within the reasoning of these decisions and must be governed thereby.

Plaintiff contends that, inasmuch as he has been precluded from pursuing his claim

to judgment since January 8, 1931, because of the receivership of the General and the injunction thereunder, of which, though not alleged in the bill, he asks us to take judicial notice, he should not be penalized for his failure to take action beyond his power. He may, however, apply to the District Court for the Northern District of New York for a modification of the injunction which will permit him to obtain a judgment for the sole purpose of enabling him to maintain the present suit; moreover, in the receivership proceedings, he could establish his status as a creditor of the General. He does not allege that he has taken either of these steps.

Defendant, indeed, takes the position that the receivership itself bars plaintiff's suit, in that, as it contends, the receiver is the proper party plaintiff under the act. Since an equity receiver under a creditor's bill stood originally, at least, only in the shoes of the debtor, such a receiver was not in a position to challenge a transfer binding on the debtor, though void or voidable as against creditors. Republic Life Insurance Co. v. Swigert, 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328 (1890); but see Glenn, op. cit. supra. § 103. Cf. Quinn v. Bancroft-Jones Corp., 18 F.(2d) 727 (C. C. A. 2d, 1927), holding that such a receiver is not in the position of an attaching or execution creditor as against a vendor under New York unrecorded conditional sale. While general statements contrary to the original equity principle may be found (see Curtis v. Leavitt, 15 N. Y. 9 [1857]; Glenn, op. cit. supra, at § 103; High, Receivers [3d Ed. 1894] § 315), the cases cited generally involve either receivers appointed in statutory proceedings supplementary to judgment to act only for the particular judgment creditors at whose instance they were appointed, as in Bostwick v. Menck, 40 N. Y. 383 (1869), or receivers suing to set aside conveyances void or voidable as to all creditors, as in Porter Co. v. Boyd, 171 F. 305 (C. C. A. 3d, 1909); Smith Co. v. Orr, 224 F. 71 (C. C. A. 8th, 1915); American & British Securities Co. v. American & British Mfg. Corp., 275 F. 121 (D. C., S. D. N. Y. 1921); Olson & Co. v. Voorhees, 292 F. 113 (C. C. A. 2d, 1923); Cornelius v. C. C. Pictures, Inc., 297 F. 444 (C. C. A. 2d, 1924), and Attorney General v. Guardian Mutual Life Ins. Co., 77 N. Y. 272 (1879) (semble). The New York Bulk Sales Act benefits only creditors whose claims had accrued at the time of sale. Apex Leasing Co., Inc., v. Litke, 173 App. Div. 323, 159 N. Y. S. 707 (1916), affirmed without opinion in 225 N. Y. 625, 121 N. E. 853

(1918). In such a case, at least, a receiver under a creditor's bill is not, in my judgment, the proper party plaintiff. Cf. Farnsworth v. Wood, 91 N. Y. 308 (1883). It is true that a trustee in bankruptcy may sue to set aside a transfer in contravention of the Bulk Sales Act. Mott v. Reeves, 125 Misc. Rep. 511, 211 N. Y. S. 375, affirmed without opinion in 217 App. Div. 718, 215 N. Y. S. 889 (1926), affirmed without opinion in 246 N. Y. 567, 159 N. E. 654 (1927). But he derives this power from section 70e of the Bankruptcy Act (11 USCA § 110 (e), by virtue of which he may avoid conveyances which any creditor of the bankrupt might have avoided. Moreover, the recovery by a trustee in bankruptcy, though based upon the right of certain creditors only, inures to the benefit of all of the creditors. Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. ——.

Defendant urges further in support of the motion that the receiver has ratified the sale. Under the view herein adopted of the powers of the receiver, a purported ratification by him obviously cannot bind those creditors who alone may attack the transfer. In any event, no such attempt at ratification is set out in the bill.

Finally, defendant contends that the receiver, as representative of the General, is an indispensable party. While he would be a proper party defendant, whatever rights he may have to enforce the contract of sale would not be affected by the outcome of the litigation between plaintiff and defendant; he is therefore not an indispensable party in the federal courts.

Motion granted.