Henry Epstein, J.
Plaintiff corporation seeks to have a receiver appointed for the proceeds of the sale of fixtures, machinery and other property resulting from foreclosure of a chattel mortgage by defendant H. So 8. Trading Co. The mortgage was given to secure payment of $7,700 in promissory notes purchased by defendant H. So 8. for $7,000. Proof of the said notes and the payment therefor are undisputed. The sale at public auction yielded receipts of $5,526.89. This was insufficient to cover the indebtedness of the notes of H. So 8. Nothing survived which could be of any benefit to Liederman and Bernstein, holders of the second chattel mortgage. The mortgages were given by Prince Pak Corporation to Harry Polans Inc. (formerly known as Prince Pak Corp.). The mortgage given to defendant H. So 8. was filed with the Register, Kings County, October 6, 1955.
The sale in bulk of the assets on August 31, 1955 did not involve defendant H. & S. Trading Co., and said H. So 8. cannot on the facts here be considered a “purchaser, transferee or assignee ” under subdivision 3 of section 44 of the Personal Property Law. The allegations of bad faith and charges of defrauding rights of creditors sound like an attempt to claim the benefits of section 278 of the Debtor and Creditor Law. Here, too, however, plaintiff fails to combine the elements of proof necessary for judgment. Here fair consideration for the mortgage cannot be disputed. The payment for the notes is unquestioned and the checks paid are in evidence. The provisions of section 272 of the Debtor and Creditor Law are satisfied by the proof. Defendant H. & 8. Trading Co. was a purchaser for value in good faith on the proof before the court. (Simpson v. Del Hoyo, 94 N. Y. 189, 193.)
Plaintiff’s records show a total indebtedness of Prince Pak Corp. of $11,947.46, less a credit of $803.32, leaving an indebtedness total of $11,144.14. On September 9, 1955, and October 7, 1955, separate payments of $2,500 were received on account by plaintiff from Prince Pak Corp. The alleged improper transfer to H. So 8. had already taken place before this last payment. It is very doubtful that plaintiff can avail itself of *295 subdivision 3 of section 44 of the Personal Property Law. (Hersch v. Schwartz, 47 N. Y. S. 2d 63, 65; Silberstein & Sons v. Cohen, 222 App. Div. 249-250.)
Under these cases the payments due to plaintiff were not in default at the time of the alleged sale complained of. Judgment for defendants.