■ WILLIAM J. FREEDMAN, Respondent, v. BARON, ROTT & SAMUELS, INC., et al., Appellants.— Order entered April 30, 1968 is unanimously modified on the law to grant defendant's motion for summary judgment to the extent of striking the first and third causes of action, and as so modified the order is affirmed, without costs or disbursements to either party. In the first cause of action the plaintiff seeks relief under section 44 of the Personal Property Law (Bulk Sales Act). Since the plaintiff's claim, at the time of transfer, was not liquidated, he is not considered a creditor within the purview of section 44 of the Personal Property Law and, therefore, the first cause of action must be dismissed. (See *Silberstein & Sons, v. Cohen,* 222 App. Div. 249; *Wolfe v. Bellfair Hat Co.* 47 N. Y. S. 2d 908.) The third cause of action pleaded by the defendant is based solely upon fraud. The plaintiff alleges that the transfer was made "with actual intent to * * * defraud". However, the plaintiff's papers — both complaint and affidavits — are merely conclusory and do not set forth any facts that would point to fraud and, consequently, do not raise a triable issue. Therefore, the third cause of action must be dismissed. The second cause of action, in essence, is predicated upon sections 273 and 274 of the Debtor and Creditor Law, which would give the plaintiff relief if the conveyance complained of was made "without a fair consideration." With respect to that phase of the case, a triable issue has been raised. It seems that the transfer complained of has completely denuded the transferring corporation of all its assets and substituted in its place the assumption by the transferee of all the obligations of the company. There is sufficient to put in issue the question as to whether that consideration was either fair or reasonable. The two corporations involved were controlled by the defendant Baron. Whether the promise of the transferee corporation to assume the obligations is of any value is an issue to be determined. Moreover, we note that the facts are peculiarly within the knowledge of the defendant and therefore in the circumstances summary judgment should not be granted against the plaintiff. In all, it would seem that the interests of justice would require a trial of that issue and, consequently, the second cause of action should be permitted to stand. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.