(22 Misc. Rep. 329.)

## FLAHERTY v. HERRING–HALL–MARVIN SAFE CO.

(Supreme Court, Appellate Term. January 17, 1898.)

1. CONTRACT FOR SERVICES—TERMINATION.

Plaintiff was employed at a weekly salary of $30 and a commission on orders procured by him. On July 3, 1896, he was notified by defendant that on and after that date his salary would be $35, without commissions. During the following week he attended daily at defendant's place of business, and endeavored unsuccessfully to obtain a modification of the proposed terms. On July 11th defendant notified him that, as he had not accepted the proposition of July 3d, his employment ceased on the latter date. In an action to recover for the week ending July 11th, *held*, that the discharge occurred at the end of that week, and that he was entitled to recover at the original rate.

2. ABATEMENT—ANOTHER ACTION PENDING.

The pendency of an action by a discharged employé to recover damages from the employer for preventing him from earning commissions, under the agreement of employment, upon sales in course of negotiation at the time of his discharge, is not a bar to another action, brought by him to recover commissions which accrued after his discharge upon sales actually effected by him before his discharge.

3. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Code Civ. Proc. § 829, excluding evidence of personal transactions between the witness and a deceased person in certain cases, has no application to personal transactions with deceased agents or officers of a corporation which is a party to the action.

Appeal from First district court.

Action by Robert Flaherty against the Herring-Hall-Marvin Safe Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lawrence & Hughes, for appellant.

H. P. Okie and Robert Flaherty, for respondent.

DALY, P. J. The plaintiff was employed by the defendant as salesman to get orders for safes and work, and was to receive a salary of $30 per week and a commission. This action was brought for salary for the week ending July 11, 1896, being, as he claims, the last week of his service, and also for a small sum as commission. The defendant contends that he was discharged one week previously. It appears from the evidence that on the 3d of July, 1896, he received a letter from the defendant stating that on and after that date his salary would be $35 per week, without commissions either on work that he had already furnished specifications and bids for or that might come up in the future. He attended at the defendant's place of busi-

ness every day, as usual, during the ensuing week, and endeavored to obtain a modification of the company's decision, but without success, and, on the 11th of July, 1896, received a further letter, stating that, since he did not accept its proposition of the 3d instant, his connection with the company ceased on that date, and that since that date he had not been in the employ of the company, nor had any connection with them.    The discharge of the plaintiff from his employment undoubtedly occurred at the time of the last letter.    The defendant, having in effect given plaintiff one week to consider its proposition, could not make its decision to discharge him for refusal to accept relate back to the time of that proposition.    It is equally clear that until he was discharged his salary and commission remained at the original rate, since it was conceded by defendant's letter that he had not accepted the proposition for a reduction.    After notifying him of his discharge for not accepting, defendant cannot claim that he remained over under an implied acceptance.    He was, therefore, entitled to salary at the old rate, and commissions earned. The commissions claimed ($15) accrued after his discharge, in connection with orders procured by him prior to his discharge.    They were for extra work, on those orders, and his testimony was that they were payable under the custom of the Marvin Safe Company as specified in his agreement.    The defendant opposed the claim for commissions on the ground that plaintiff had another action pending for commissions.    His complaint in an action in the supreme court, commenced after his discharge, to recover damages for preventing the plaintiff from earning commissions, was put in evidence.    That complaint was based upon a clause of his agreement with the company which gave him the exclusive privilege of closing up sales to parties with whom he opened negotiations, and it was alleged that sales of a large number of safes and vaults were in course of being negotiated by him, and would have been successfully terminated, if it had not been for defendant's breach of the agreement in refusing to complete such sales through him, and defendant's closing them itself after discharging him.    The claim in that action is for damages for preventing the plaintiff from earning commissions, while the claim in this action was for commissions actually earned upon orders obtained before his discharge.    The pendency of the supreme court action was, therefore, not a bar to the present action.

The plaintiff established his agreement with the company by proof that, according to a conversation with Mr. Marvin, defendant's managing director, plaintiff drew up and signed a paper containing certain terms of employment, of which he sent a copy to Mr. Marvin, who told him he had received it, and that it was all right, and that Mr. Herring would set him to work; and that subsequently Mr. Herring set him to work, and afterwards fixed the amount of salary and commissions he was to receive.    All this testimony was competent to establish a parol contract of employment.    Objection was made to plaintiff's conversations with Mr. Marvin because the latter had since died, but nothing in section 829 of the Code applies to personal transactions with deceased agents or officers of corporations.

The judgment should be affirmed.    All concur.