SAMUEL M. MELKON, Appellant, *v.* H. B. KIRK & Co., Respondent, Impleaded with RALPH L. SPOTTS, Defendant.

First Department, March 18, 1927.

Evidence — action on contract with respondent — individual defendant, president of respondent, made contract — individual defendant was joined on theory that if respondent should disclaim authority he might be held liable — individual defendant died before trial and action has not been revived against his representatives — error to reject testimony of oral conversations had with individual defendant offered to prove oral contract sued on.

In an action on an oral contract brought against a corporation and its president who, as a representative of the corporation, made the contract with the plaintiff, the individual defendant was joined as a party defendant on the theory that if the corporation should disclaim his authority the individual defendant might be held liable. Before the trial the individual defendant died and the action has not been revived against his representatives. It was error for the court to reject testimony of oral conversations had with the individual defendant, which testimony was offered to prove the oral contract sued on.

APPEAL by the plaintiff, Samuel M. Melkon, from a judgment of the Supreme Court in favor of the defendant H. B. Kirk & Co., entered in the office of the clerk of the county of New York on the 16th day of March, 1926, upon the dismissal of the complaint at the close of the plaintiff's case.

*Philip R. Cook* of counsel [*Thomas H. Mahony*, attorney], for the appellant.

*Henry L. Sherman* of counsel [*Julius Walerstein* with him on the brief; *Kendall & Herzog*, attorneys], for the respondent.

McAvoy, J. The complaint was dismissed in this action and judgment rendered for the defendant H. B. Kirk & Co.

The plaintiff made an agreement with H. B. Kirk & Co. which had for its purpose the selling in Constantinople, Turkey, of 480 barrels of Old Crow whisky, which was then stored in said defendant's plant in New York city. Under the terms of the agreement the plaintiff's compensation was to be the difference between the price for which he sold the liquor and the sum of two dollars and eighty-five cents per gallon as shipped from New York.

In the month of February, 1920, the plaintiff sold 480 barrels of Old Crow whisky to one Kyriakides, who was in business in Constantinople, who, it is claimed, was ready, able and willing to make the purchase at the agreed price of $5 per gallon, delivery to be made in Constantinople, Turkey, and terms cash. In July, 1920, the defendant H. B. Kirk & Co. notified the plaintiff that it would be impossible to ship the liquor from America because of the enactment of the National Prohibition Act, commonly known as the Volstead Law, and the contract for the sale of the merchandise in Turkey was never carried out. The plaintiff demanded from H. B. Kirk & Co. the sum of $51,600, which was the difference between the agreed price of $2.85 per gallon, and the sale price of $5 per gallon.

The suit was brought against H. B. Kirk & Co. and Ralph L. Spotts as a codefendant, upon the theory that if the defendant corporation should disclaim that Spotts was its agent in making the contract, plaintiff might hold Spotts in case there was such disclaimer of agency. However, the answer admitted authority and agency on behalf of Spotts to bind the corporation. Before the trial of the action Spotts died and the action was not revived and continued against his executors or administrators, his successors as such executors or administrators not having been made parties. At the trial the plaintiff offered evidence of oral conversation with Spotts, who was the president of the defendant H. B. Kirk & Co., in order to prove his oral contract with the defendant corporation. All of these questions which called for conversations with Spotts were objected to by the corporation defendant and sustained by the learned trial court. The question now here is whether or not these conversations were admissible against the corporate defendant, which was the only defendant against whom process was being carried on at the time.

It is doubtless the rule that a party is competent to testify to oral conversations had with a deceased agent or officer of a defendant corporation where the corporation is principal on a contract. This has been specifically ruled in *Flaherty* v. *Herring-Hall-Marvin*

*Safe Co.* (22 Misc. 329). In *Block* v. *Brinn* (176 N. Y. Supp. 763) and in *Pratt* v. *Elkins* (80 N. Y. 198) it was held that the provision of the Code of Civil Procedure (§ 829; now Civ. Prac. Act, § 347), prohibiting a party from testifying in certain cases to personal transactions with a deceased person, does not extend to transactions with the agent of such party. It is the law, too, in actions against a partnership or a coadventure, where the suit proceeds against a survivor only, that the conversations with the deceased partner or coadventurer to establish liability will not be heard, and the same rule applies in regard to joint debtors where the debt is joint and not several. While the pleading here asserts that the defendants made the contract, there is no endeavor to hold the joint venture or partnership or the joint debtor's successors liable. The sole object of the action, in the absence of executors or administrators of the deceased defendant being brought in to revive the action against the individual defendant, is to hold the corporation through the agency of its deceased president.

The contention by the defendant H. B. Kirk & Co. that a judgment against it founded upon such proof would give a right of contribution against the estate of Spotts, and thus hold Spotts through conversations had with him while alive and in that view contravene the spirit of the rule, does not seem to us to be fortified by legal precedent. The judgment here would be solely against the corporate defendant, and the proof would show that it was had, not against Spotts as a joint debtor, but against the corporation, albeit the contract was made through the agency of Spotts as its officer.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.