LOUIS CARMEN, Appellant, v. SHORE CLEANERS & DYERS, INC., Respondent.— In an action to recover upon a contract of employment, plaintiff appeals from a judgment, entered upon the dismissal of his complaint at the close of his evidence. Judgment reversed on the law, with costs to appellant, and a new trial granted. The evidence excluded was not incompetent under section 347 of the Civil Practice Act. Plaintiff's complaint does not affect any property which was derived from or through the deceased person with whom plaintiff's original contract is alleged to have been made, but affects only the profits of the defendant's business which, concededly, never belonged to the decedent, except insofar as they may have been paid to him by the defendant. Evidence of the contract which plaintiff alleges was made with the decedent was essential to establish the terms of the agreement alleged to have been made between plaintiff and defendant, by an adoption of such terms, but such evidence would not have affected, in any way, any property which defendant derived from or through said decedent. (Cf. *Titus* v. *O'Connor*, 18 Hun 373.) The complaint sufficiently pleads a contract between plaintiff and defendant. Section 347 does not bar evidence of conversations with an agent of a corporation, even though

such agent be dead at the time of trial. (*Melkon* v. *Kirk & Co.*, 220 App. Div. 180.) Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ., concur.