**In re VANITY FAIR SHOE CORPO-RATION.**

**No. B 85349.**

United States District Court
S. D. New York.
June 13, 1949.

Finke, Jacobs & Hirsch, New York City, for petitioner, A. J. Armstrong Co., Inc.

William J. Henry, New York City, for trustee.

RIFKIND, District Judge.

This petition to review an order of the bankruptcy referee presents a question concerning the construction of § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107.

The evidence supports the referee's findings that on July 30, 1947, Floradora

534

Shoe Corp. transferred all its assets to the bankrupt without complying with Section 44 of the New York Personal Property Law, McK.Consol.Laws, c. 41, and that on November 18, 1947, while the bankrupt was insolvent, and within four months of the bankruptcy, which occurred on December 11, 1947, the petitioner delivered an execution to the Sheriff on a judgment it had secured against Floradora Shoe Corporation.

It is clear that by virtue of the execution delivered to the Sheriff, petitioner obtained a lien on the goods and chattels of Floradora. Section 679 of N. Y. Civil Practice Act provides, "The goods and chattels of a judgment debtor * * * are bound by the execution * * · * from the time of the delivery thereof to the proper officer to be executed * * *". And goods of the judgment debtor fraudulently conveyed are bound by the execution though they are in the possession of the fraudulent transferee. Section 278 of N. Y. Debtor and Creditor Law, McK.Consol.Laws, c. 12, entitles a judgment creditor to "disregard the conveyance and attach or levy execution upon the property conveyed."

■ From the foregoing it follows that on November 18, 1947, when the petitioner delivered an execution under his judgment against Floradora, it obtained a lien against the goods transferred by Floradora to the bankrupt in violation of the Bulk Sales Act. N. Y. Personal Property Law, § 44. Did this lien become void, by reason of § 67 of the Bankruptcy Act, when, within four months, the fraudulent transferee became a bankrupt?

As to all property in the possession or under the control of the bankrupt on the date of the filing of the petition, the trustee has the rights and remedies of a judgment creditor. 11 U.S.C.A. § 110, sub. c. § 1 (13).

■ As between a judgment creditor of the fraudulent transferor and a judgment creditor of the fraudulent transferee, the one whose lien first attaches has priority. N.Y.C.P.A. § 680; Booth v. Bunce, 1865, 33 N.Y. 139, 88 Am.Dec. 372. In the instant case, that would give priority to the petitioner unless § 67 of the Bankruptcy Act defeats it. That section provides: "Every lien against the property of a person obtained by * * * judgment * * · * or other legal * * * proceedings within four months before the filing of a petition in bankruptcy * * * by or against such person shall be deemed null and void (a) if at the time such lien was obtained such person was insolvent * * *". 11 U.S.C.A. § 107, sub a(1).

■ It may be argued that the petitioner's lien was obtained not against the property of the bankrupt but against the property of the transferor—the judgment debtor. Indeed, the language of § 44 of N. Y. Personal Property Law describes the transfer by Floradora as "void", and the judgment creditor may "disregard" it. N. Y. Debtor and Creditor Law, § 278. But the judicial gloss that "void" in the fraudulent conveyance statutes means "voidable" is well established. The fraudulent transferee can at least give good title to a bona fide purchaser for value. City of New York v. Johnson, 2 Cir., 1943, 137 F.2d 163, 148 A.L.R. 516.

■ In determining whether the fraudulently transferred property was "the property of a person" who within four months became a bankrupt, the definition of property contained in section 67, 11 U.S.C.A. § 107, sub. d, is not helpful, but the Analysis of H. R. 12889, 74th Cong., 2nd Sess., 1936, at 214, cited in 4 Collier on Bankruptcy 254 n. 6, 14th Ed. 1948, establishes that the Congress' intent was to enact the substance of the Uniform Fraudulent Conveyances Act, section 1 of which defines "Assets of a debtor" to mean "property not exempt from liability for his debts. To the extent that any property is liable for any debts of the debtor, such property shall be included in his assets". Goods which are the subject of a fraudulent transfer to a debtor are not exempt from his debts but on the contrary may be available to his creditors. Booth v. Bunce, supra; City of New York v. Johnson, supra. It follows that the property here involved was the property of the bankrupt within the meaning of section 67 and that the petitioner's lien did not survive the bankruptcy.

The referee's order is confirmed.