**SCHWARTZ v. A. J. ARMSTRONG CO., Inc.**

No. 154, Docket 21546.

United States Court of Appeals
Second Circuit

Argued Jan. 12, 1950.

Decided Jan. 30, 1950.

Finke, Jacobs & Hirsch, New York City, George Robert Cohen, New York City, of counsel, for appellant.

William J. Henry, New York City, Allen Murray Myers, New York City, of counsel, for respondent-trustee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On July 30, 1947, Floradora Shoe Corporation transferred all its assets to Vanity Fair Shoe Corporation in consideration of the assumption by Vanity of Floradora's liabilities. The transfer was made without notice to the creditors of Floradora, and without complying with the so-called Bulk Sales Act of the State of New York. See New York Personal Property Law, McKinney's Consol. Laws, c. 41, § 44.[1]

1. "§ 44. Transfer of goods and/or fixtures in bulk. 1. The sale, transfer or assignment in bulk of any part or the whole of a stock of merchandise or of fixtures, or merchandise and of fixtures pertaining to the conducting of the business of the seller, transferrer or assignor, otherwise than in the ordinary course of trade and in the regular prosecution of said business, shall be void as against the creditors of the seller, transferrer or assignor unless the seller, transferrer or assignor shall at least ten days before the sale make and deliver to the purchaser, transferee or assignee a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferrer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee retain said inventory in his possession or at least ninety days thereafter, during which time the same shall be open to inspection by any creditor of the seller, transferrer or assignor, and unless the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor a written list of names and addresses of the creditors of the seller, transferrer or assignor with the amount of the indebtedness due or owing to each and certified by the seller, transferrer or assignor under oath

On November 18, 1947, at a time when Vanity was insolvent, and within four months of the filing against it of an involuntary petition in bankruptcy, Armstrong delivered an execution to the sheriff upon a judgment which it had theretofore recovered against Floradora. As Judge Rifkind said in his opinion in the court below [84 F.Supp. 533, 534]: "It is clear that by virtue of the execution delivered to the Sheriff, petitioner obtained a lien on the goods and chattels of Floradora. Section 679 of the New York Civil Practice Act provides, 'The goods and chattels of a judgment debtor * * * are bound by the execution * * * from the time of delivery thereof to the proper officer to be executed * * *'. And goods of the judgment debtor fraudulently conveyed are bound by the execution though they are in the possession of the fraudulent transferee. Section 278 of N. Y. Debtor and Creditor Law [McKinney's Consol. Laws, c. 12] entitles a judgment creditor to 'disregard the conveyance and attach or levy execution upon the property conveyed.'"

On May 17, 1948, the trustee in bankruptcy of Vanity filed a petition with Referee Stephenson alleging that the assets, formerly of Floradora, had been sold on January 20, 1948, and praying that the lien claimed by Armstrong against the proceeds be held void as against the trustee in bankruptcy. The referee granted the motion to invalidate the lien of Armstrong, and his decision was affirmed by the District Judge. The question before us is whether the lien claimed by Armstrong, or that claimed by the trustee in bankruptcy of Vanity, should prevail.

Section 67 of the Bankruptcy Act provides that "every lien against the property of a person obtained by * * * judgment, levy, or other legal * * * proceedings within four months before the filing of a petition in bankruptcy * * * by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *." 11 U.S.C.A. § 107, sub. a(1).

The appellant Armstrong argues that its lien was not divested by the bankruptcy of Vanity for the reason that the lien attached to the property of Floradora and not to the property of the bankrupt. But under § 44 of the New York Personal Property Law the transfer from Floradora to Vanity was voidable and not void until so adjudged by a court. City of New York v. Johnson, 2 Cir., 137 F.2d 163, 165. Therefore, the trustee obtained a lien upon the property, or its proceeds, held by Vanity. In other words, legal title to the property of Floradora passed to Vanity through the transfer and was not disturbed until the bankruptcy of Vanity when the trustee by virtue of § 67 and § 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 107, 110, established his rights. It seems clear from what has been said that the lien sought to be established by Armstrong was invalid because it was founded on a levy upon the property of an insolvent debtor made within four months of the filing of the petition in bank-

to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, transferee or assignee shall at least ten days before taking possession of such merchandise, fixtures, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof.

\* \* \* \* \* \* \*

"3. Any purchaser, transferee or assignee who shall not conform to the provisions of this section shall upon application of any of the credtiors of the seller, transferrer or assignor become a receiver and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment: Provided, however, that any purchaser, transferee, or assignee, who shall conform to the provisions of this act shall not be held in any way accountable under this section to any creditor of the seller, transferrer or assignor or to the seller, transferrer or assignor for any of the goods, wares, merchandise or fixtures that have come into the possession of such purchaser, transferee or assignee by virtue of such sale, transfer or assignment."

768

ruptcy and was avoided by the express terms of § 67 of the Bankruptcy Act and the property was subject to seizure by the trustee under § 70.

The order of the District Court is affirmed.