HELEN SCHIFF, Appellant, v. ALVEE SPORTSWEAR Co., INC., et al., Respondents. NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Trustee in Bankruptcy of ALVEE SPORTSWEAR Co., INC., Respondent, v. HELEN SCHIFF et al., Appellants.—

Although the counterclaim cannot be sustained on the theory that plaintiff Schiff's lien became null and void by reason of subdivision a of section 67 of the Bankruptcy Act (U. S. Code, tit. 11, § 107, subd. [a]) because it attached within four months of the date when the petition in bankruptcy was filed, nevertheless it does state facts sufficient to constitute a cause of action for conversion. The defense also is sufficient. The

denials, in the answer, of the allegations of the supplemental complaint as to lack of consideration and failure to give notice to creditors are, by virtue of rule 90 of the Rules of Civil Practice, given effect in the defense. The time to plead to the counterclaim is extended to twenty days after the entry of the order hereon. Subdivision a of section 67 of the Bankruptcy Act, and *Schwartz* v. *Armstrong Co.* (179 F. 2d 766), relied upon by the trustee and Special Term, are not applicable here. The levy was made within four months of the filing of the petition; but the trustee pleads that the sale and delivery of the balance of the proceeds of sale, after deduction of expenses and fees, also took place before the filing of the petition. There is no allegation that the sale by the marshal was not in accordance with law or that the purchaser was not a bona fide purchaser. (*Fischer* v. *Pauline Oil Co.*, 309 U. S. 294; *Levor* v. *Seiter*, 69 App. Div. 33; *Botts* v. *Hammond*, 99 F. 916; 4 Collier on Bankruptcy [14th ed.], pp. 126–128, 141–142; 4 Remington on Bankruptcy [5th ed.], p. 391.) However, the counterclaim pleads ownership by the bankrupt at the time the sale was made. There is no admission that no notice was given to creditors of the transferrer. If the transfer to the bankrupt was not made in violation of section 44 of the Personal Property Law or otherwise in fraud of creditors, it had a right of action for conversion which has passed to the trustee. It is to be noted that in the present state of the pleadings it cannot be held, nor is it urged by appellants, that the notice of claim of ownership complied with section 696 of the Civil Practice Act, and that therefore no cause of action lies against the marshal and the surety company unless brought as provided in section 697 of the Civil Practice Act. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.