Abthub, D. Bbenxaít, J.
The complaint herein contains two causes of action. Under the first cause, the plaintiff, a duly licensed insurance broker, seeks to recover the sum of $2,608.39 which he asserts he advanced in payment of certain insurance premiums for one, David Cohen, and which liability he alleges, was assumed by the defendant herein pursuant to the terms of an agreement made by the defendant in connection with and as part of the sale of a drugstore and luncheonette business (located in the city of White Plains) consummated between said David Cohen, as vendor, and said defendant, as vendee. Under the second cause of notion, the plaintiff, as a creditor of the aforesaid vendor, seeks a judgment setting aside the said sale and appointing a receiver of the goods, wares, merchandise, fixtures and other assets and equipment which were the subject of said sale; all of the latter relief is sought on the ground and claim *459 that the parties to the aforesaid sale failed to comply with the requirements of the provisions contained in section 44 of the Personal Property Law relating to bulk sales.
With respect to the first cause of action, this court finds that at the implied instance and request of David Cohen, the plaintiff herein agreed to advance and pay the premiums which became due on all of the insurance policies (described on Schedule “ A ” annexed to the complaint) which were ordered by Cohen of the plaintiff and further, this court finds that all of said premiums were advanced and paid by the plaintiff through his insurance business associate, the Burn Company. The defendant’s contention that under the provisions of paragraph “ 5 ” of the above-mentioned agreement, it assumed payment of those premiums which had accrued on only those policies which were in force at the time of the subject sale may not be sustained, for it appears and this court finds that the assumption provisions contained in said paragraph “ 5 ” were unrestricted and were not confined solely to those policies which were then in force. In addition, this court finds that at the closing of the aforesaid sale, the vendor’s attorney exhibited to the vendee’s officer, who was present at said closing, an itemized statement of the subject insurance premiums which related to and covered all of the policies described on said Schedule “ A ” annexed to the complaint herein. It also appears and this court finds that at said closing, the aforesaid statement was exhibited to the other attorney (then present) whose advice the vendee’s officer then and there sought and received and to which latter attorney the said statement together with the other closing instruments were then and there delivered, with the consent of the vendee’s aforesaid officer. In those circumstances, this court holds that the defendant vendee had full knowledge of the nature and amount of the obligation assumed by it; that said obligation covered the premiums on all policies ordered from and issued by the plaintiff on and subsequent to December 3, 1954; that the said premiums were not confined to those policies which were then in force and effect; and that the plaintiff is entitled to judgment on the first cause of action in the sum of $2,608.39.
It may be noted that in connection with the proof offered in support of the plaintiff’s case, the defendant objected to certain evidence consisting of conversations had at the aforesaid closing between the vendor’s attorney and the said officer of the defendant vendee and between the said officer and the other attorney present at said closing. The objection was founded on the claim that since the said officer had died prior to the trial of this case, the subject conversations were inadmissible under section 347 *460 of the Civil Practice Act. The evidence was received and decision on the objection was reserved. The objection is overruled and the subject testimony has been considered. In the first place, this court finds that the vendor’s attorney who testified with respect to said conversations was not a party or person interested in the event, within the meaning of section 347; and in addition, the rule is clear that section 347 does not bar evidence of conversations had with an officer or agent of a corporation, even though such officer or agent be dead at the time of trial. (Carmen v. Shore Cleaners & Dyers, 270 App. Div. 945; Melkon v. Kirk & Co., 220 App. Div. 180.)
Turning now to the second cause of action herein, there can be no doubt of the fact that the parties to the aforesaid sale failed to comply with the requirements of section 44 of the Personal Property Law in at least two respects. The vendor did not make and deliver, nor did the vendee retain in its possession, a detailed inventory of the quantity and cost price of each of the articles included in the sale. Nor did the vendee give the required advance notice of said sale to every creditor named on the list of creditors or (as said statute provides) of which said vendee had knowledge. While this plaintiff was not specifically named in the list of creditors enumerated on Exhibit “ A ” annexed to the subject agreement, he was referred to in the provisions of paragraph “ 5 ” thereof and, as hereinabove held, the vendee had full knowledge of the nature and amount of the debt due him. Thus, he was a creditor of which the vendee had knowledge and advance notice to him of the sale and the price, terms and conditions thereof was required.
Despite the aforesaid noncompliance with the cited statute, it is this court’s view that the plaintiff may not prevail under the second cause of action. It has been held that section 44 of the Personal Property Law defines one among the several categories of fraudulent conveyances. (Braun v. American Laundry Mach. Co., 56 F. 2d 197.) Further, it has also been held that a sale which does not comply with the requirements of said section 44 is voidable at the election of creditors of the seller but is not void. (City of New York v. Johnson, 137 F. 2d 163; Schwartz v. Armstrong Co., 179 F. 2d 766.) In the case at bar, the plaintiff has brought suit (under the first cause of action herein) on the assumption agreement made and delivered in connection with and as part of the subject sale and it is this court’s opinion that by the assertion of rights under the sale, he has affirmed the transaction and must now be held to have waived his right to attack the validity of the same.
*461 Further, it is important to note that since the plaintiff has now successfully asserted his rights under the above-mentioned assumption agreement, he may now enforce his judgment against the defendant vendee. In these circumstances, the subject sale no longer constitutes a barrier fraudulently erected by the original debtor between the latter’s property and the plaintiff’s judgment, all with the result that the plaintiff now has an adequate remedy at law and does not require the assistance of a court of equity in the removal of the aforesaid barrier. (Cf. Holland v. Grote, 193 N. Y. 262.)
In addition, it is this court’s opinion that where, as here, the plaintiff was not a judgment creditor when he commenced the instant suit, he may not maintain the subject second cause of action as he has failed to make the original debtor a party to the action. (Matter of Perman, 172 App. Div. 14; Hersch Corp. v. Goldberg, 126 Misc. 857; Ranno v. Ranno, 2 Misc 2d 940.)
With respect to the third-party action brought by the original defendant, Kleban Drug Corp., against the third-party defendant, David Cohen, the same is based upon an alleged breach of warranty as to the number and amount of the liabilities and debts of the said third-party defendant, as vendor in the above-mentioned sale. This court finds that the third-party plaintiff has failed to establish any warranty to the effect that said liabilities and debts did not exceed the sum of $10,000. So far as the agreement of March 28, 1956 is concerned, it is this court’s view that the third-party plaintiff has failed to establish a breach of warranty thereunder. From a reading of said agreement in its entirety, it is clear that the vendor warranted that he had no debts or liabilities other than: (a) those listed on Exhibit “A” annexed thereto; and (b) those additional obligations which were referred to in paragraphs “ 4 ” and “ 5 ”, the nature and amount of both of which were known to the vendee and the payment of both of which were assumed by said vendee. Accordingly, the third-party complaint is dismissed.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
The plaintiff is awarded judgment on the first cause of action only. Settle judgment on notice.