■ WALTER J. RODENHOUSE, Appellant, v. AMERICAN CASUALTY COMPANY OF PENNSYLVANIA, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this action to recover for loss under a fire insurance policy the defendant-respondent interposed the defense of failure to comply with the proof of loss requirements and to sue within one year, pursuant to contractual provisions. Plaintiff-appellant sought recovery on the theory that the conduct of defendant's agent estopped defendant from relying on the contract limitations. The policy was issued through the Paul Goverts Insurance Company, alleged agent of the defendant, which company consisted of a father and son, both of whom dealt with the plaintiff. The father had died prior to the trial of the action and plaintiff was not permitted to testify to transactions after the loss between him and the deceased agent. Objection was made by the defendant to such testimony on the ground that it was barred by section 347 of the Civil Practice Act. At the close of plaintiff's proof, the court dismissed the plaintiff's complaint upon motion of the defendant "upon the ground of a non-compliance with the waiver and suit provisions of the insurance policy". It was error to have excluded plaintiff's testimony concerning these transactions upon which estoppel was based. Section 347 does not bar evidence of conversations with an agent of a corporation even though the agent was deceased at the time of the suit. That section is inapplicable because the proffered testimony would not affect any property which is derived from or through the deceased agent. The alleged principal of the deceased agent, defendant insurance company, was neither survivor nor a person deriving his title or interest from a decedent within the meaning of section 347 (*Carmen* v. *Shore Cleaners & Dyers*, 270 App. Div. 945; *Melkon* v. *Kirk & Co.*, 220 App. Div. 180). If the testimony which the plaintiff sought to introduce would have proved a waiver by the defendant by a course of conduct which would have given rise to an estoppel by a duly authorized agent such testimony would

have been competent and admissible (*Drennan* v. *Sun Ind. Co.*, 271 N. Y. 182). The exclusion of this testimony requires a new trial. (Appeal from a judgment of Monroe Trial Term granting defendant's motion at close of plaintiff's case for a nonsuit and dismissal of the complaint.) Present—Williams, P. J., Bastow, Goldman, McClusky and Noonan, JJ.