In the Matter of **GRUBER INDUSTRIES, INC., Bankrupt.**

**No. 70 B 458.**

United States District Court, E. D. New York.

July 13, 1972.

Louis P. Rosenberg, Brooklyn, N. Y., for the Trustee in Bankruptcy.

I. Arnold Ross, New York City, for respondent.

RE, Judge:*

In this petition for review, petitioner, Beacon Fast Freight Co. (Beacon) urges the court to set aside an order of the Referee in Bankruptcy which enjoined Beacon from proceeding with any legal action on a default judgment that it had obtained against Gruber Brothers (Brothers) on August 12, 1970.

Brothers, on September 2, 1969, had sold and transferred all of its assets to Gruber Industries, Inc. (Industries), and, pursuant to the formal sales agreement, Industries assumed all of the liabilities of Brothers. On June 15, 1970, Industries filed a petition for an arrangement under Chapter XI, section 322 of the Bankruptcy Act, and was adjudicated a bankrupt on March 3, 1971. On September 22, 1970 Beacon attempted to satisfy its judgment against Brothers by levying on the assets of Industries. The case, therefore, presents a question of priority between Beacon, a creditor of Brothers, the transferor of the assets, and the Trustee in Bankruptcy of Industries, the transferee.

When notified of the levy by the New York City Marshal, on October 7, 1970, Industries initiated the notice to show cause which resulted in the order of the Referee enjoining Beacon from proceeding with the levy. The order, however, was without prejudice to Beacon filing a general claim in the Bankruptcy proceedings.

The pertinent facts are set forth in the decision of the Referee, and no use-

* Judge, U. S. Customs Court, Sitting by designation.

ful purpose will be served by their repetition. Suffice it to say that Beacon, who had been doing business with Brothers, asserts that it never received notice of the transfer of the assets from Brothers to Industries. Not having been notified of the transfer, Beacon asserts further that it continued to do business with the company as Brothers. Beacon, therefore, contends that the transfer was concealed and fraudulent since it was not ascertainable by any action of Industries in its subsequent dealings with Beacon. It argues that the first time that it had notice of the transfer from Brothers to Industries was on August 5, 1970, when it was notified that it had been listed as a creditor of Industries, pursuant to the Chapter XI proceeding. Notwithstanding Beacon's contentions, the Referee found that the transfer was "publicly conducted without intent to conceal or . . . defraud."

Beacon also contends that notice of the transfer was not given pursuant to sections 6–105 and 6–107 of the New York Uniform Commercial Code. Unless there is compliance with the notice requirement, in the language of the Code, the transfer "is ineffective against any creditor of the transferor." This, of course, implies that a judgment creditor of the transferor may levy execution on the property. Furthermore, section 6–111 of the New York Uniform Commercial Code expressly provides that ". . . if the transfer has been concealed, actions may be brought or levies made within six months after its discovery." Hence, Beacon contends that since it obtained its judgment within six months of its discovery of the "concealed" transfer, it should be permitted to proceed to enforce its judgment against Brothers.

Beacon does not dispute the findings of fact made by the Referee. Rather, it asserts that the specific conclusions of law drawn from the facts are incorrect, and a proper subject for judicial review.

█ On the record presented the court cannot find that the Referee's findings were clearly erroneous or that the transfer was concealed or fraudulent. General Orders in Bankruptcy, Order 47. Nevertheless, even if the court were to assume that the transfer was concealed Beacon cannot prevail on this petition to review the order of the Referee.

Since the property was in *custodia legis,* it is conceded that the Referee had jurisdiction to determine the issue presented. Simply stated, therefore, the question presented, is whether the Referee was correct in his decision that the rights of the Trustee in Bankruptcy were superior to those of Beacon, a creditor of the transferor.

On the established facts there is no doubt that the Referee was correct in holding that the rights of the Trustee in Bankruptcy were superior to those of Beacon.

Although sections 6–104 and 6–105 of the New York Uniform Commercial Code provide that a transfer in violation of the code would be "ineffective" against any creditors of the transferor, this terminology has been interpreted by the Courts to mean "voidable" and not "void". This follows the meaning established from its inception in the Bulk Sales Act, section 44 of the New York Personal Property Law, McKinney's Consol.Laws, c. 41, where the term "void", which was used in that section, was construed to mean "voidable". A case in point is City of New York v. Johnson, 137 F.2d 163 (2d Cir. 1943) where, without complying with the Bulk Sales Act, a transfer was made to a co-partner which assumed the liabilities of the transferor. The transferee was adjudicated a bankrupt. The City of New York, that had claims against the transferor, attempted to impress a lien upon the funds, in the hands of the trustee, which represented the proceeds of the sale of the property. The court dismissed the application of the City of New York, and held that the trustee had the rights of a judgment creditor pursuant to Section 70(c) of the Bankruptcy Act.

In rejecting the contention that the transfer was void, the court stated:

> We are referred to no authority and can see no reason for holding that the word "void" means more than "voidable" where the remedies given by the act are invoked, or that the consequences to bona fide purchasers from a fraudulent grantee are materially different under the Bulk Sales Act from such consequences under the Fraudulent Conveyance Act. The Bulk Sales Act gives the creditors of a transferor no rights other than equities which, like those of the creditors of a transferor under the Fraudulent Conveyance Act, can be cut off by bona fide purchasers. 137 F.2d at 165.

In holding that the rights of the trustee were superior to those of the creditors of the transferor, the court wrote:

> Under Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, the trustee was vested with all the rights of a judgment-creditor of the bankrupt to which the assets of United Upholsterers (transferor) had been conveyed. Subdivision c provides that: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists." *Id.* at 164.

There is abundance of authority for the proposition that a transfer in bulk, not in compliance with Article 6 of the Uniform Commercial Code, is merely voidable, and that the intervention of bankruptcy creates superior rights for the trustee. In the Matter of Dee's, Inc., 311 F.2d 619 (3d Cir. 1962); In re Vanity Fair Shoe Corporation, 84 F.Supp. 533 (S.D.N.Y.1949), aff'd sub nom. Schwartz v. A. J. Armstrong Co., Inc. 179 F.2d 766 (2d Cir. 1950).

A Trustee in Bankruptcy acquires title to a bankrupt's assets as of the date of the filing of the petition and, under the Bankruptcy Act, he is given the rights and status of a creditor holding a lien, whether or not such a creditor actually exists. In the case at bar, therefore, on June 15, 1970, when the section 322 petition was filed, the Trustee in Bankruptcy of Industries acquired the rights set forth in section 70c of the Bankruptcy Act. Clearly, therefore, since the bankruptcy proceedings were commenced prior to the lien acquired by Beacon, the trustee's rights to the property are superior to those of Beacon. City of New York v. Johnson, *supra*; Schwartz v. A. J. Armstrong, *supra*; In the Matter of Dee's, Inc., *supra*.

The cases cited by Beacon, in its memorandum in support of its petition for review, are readily distinguishable since they do not deal with the rights of a creditor of a transferor versus the Trustee in Bankruptcy of the transferee. See *e. g.* E. J. Trum, Inc. v. Blanchard Parfums, Inc., 33 A.D.2d 689, 306 N.Y. S.2d 316 (1969); Pittsburgh Plate Glass Co. v. Magni-Flood Corporation of America, Inc., Sup., 235 N.Y.S.2d 258 (1962).

■ It is also pertinent that, by virtue of section 67a of the Bankruptcy Act, which is expressly made applicable to a Chapter XI proceeding, any lien obtained within four months of the filing of the petition is null and void if the debtor is insolvent, or if the lien was obtained by fraud. Since, Beacon asserted its claim after the filing of the section 322 petition by Industries on June 15, 1970, it cannot prevail over the rights of the trustee by virtue of his status as a lien creditor.

■ Finally, petitioner's contention that its rights are unaffected by the bankruptcy proceeding because it is attaching the assets of Brothers, and not those of the bankrupt, is without merit. As indicated in the cited cases, until the bulk transfer has been rendered null and void, the assets were lawfully the prop-

erty of Industries and subject to the satisfaction of its debts.

For the foregoing reasons, the order of the Referee in Bankruptcy is affirmed.