OPINION OF THE COURT
Burton S. Sherman, J.
In this nonjury action at law, the plaintiff, as a creditor, seeks to hold the defendant liable for the $3,110.95 debt of a third party because of the defendant’s failure to comply with article 6 of the Uniform Commerical Code, generally known as the Bulk Sales Act.
The action is dismissed for lack of subject matter jurisdiction.
The Bulk Sales Act is designed to prevent commercial fraud by declaring "ineffective” the sale or transfer of a debtor’s bulk inventory if there is a failure to notify creditors of such sale or transfer (Uniform Commercial Code, § 6-105). However, such an "ineffective” transfer is only voidable (Matter of Gruber Inds., 345 F Supp 1076) and statutory remedies are not provided.
Therefore, to obtain relief under the act defrauded or unnotified general creditors must sue in equity to set aside the transfer or, as in any traditional creditor’s action, must seek such other equitable remedies as the circumstances indicate. (See cases, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62 1/2, Part 2, Uniform Commercial Code, § 6-111, p 752 et seq.) An action at law cannot be maintained for violations of the Bulk Sales Act. (Phoenix Ind. Co. v Alpine Cream Co., 151 Misc 447; Klein v Maravelas, 89 Misc 466; Pittsburgh Plate Glass Co. v Magni-Flood Corp. of Amer., 235 NYS2d 258; Irving Trust Co. v Rosenwasser, 5 F Supp 1016.) Only in the exceptional case, where the facts indicate tortious conduct or breach of contract, may a money judgment be obtained against a transferee for noncompliance with the Bulk Sales Law (Jacobs v Tannenbaum, 249 App Div 847; Gabbe v Kleban Drug Corp., 6 Misc 2d 457). No such exception was pleaded or proven in this case. Since the Civil Court of the City of New York has no general equity jurisdiction (CCA, § 202) this action cannot be maintained in this court.
Even if there were jurisdiction, the action would still be dismissed for the following reasons.
The facts are that the debtor, M & L Siegel, Inc., rented and *181 operated a selling booth in a jewelry exchange on 47th Street in Manhattan. It had purchased diamonds on credit from the plaintiff for $3,110.95. While the debt was still outstanding, M & L Siegel, Inc., vacated the booth and sold to the* defendant some office furniture, six file cabinets, two safes, a scale, an adding machine and a jewelry stretching machine. The sale further included customers’ lists, jewelry catalogues and the right of the defendant to use the same telephone number. The lease for the booth was not assigned. However, the defendant entered into a new lease with the landlord and proceeded to do business at the same booth. Of course, M & L Siegel, Inc.’s principal has disappeared and a default judgment for the $3,110.95 remains unsatisfied.
Because the plaintiff was not notified of this sale, it claims it is entitled to relief under the Bulk Sales Act to hold the defendant, as a transferee, liable for M & L Siegel, Inc.’s debt. The defendant argues that it is not subject to the provisions of the act because there was not a transfer of the debtor’s bulk inventory as required by the statute (Uniform Commercial Code, § 6-105).
The act defines a bulk transfer as "any transfer in bulk and not in the ordinary course of the transferor’s business of a major part of the materials, supplies, merchandise or other inventory * * * of an enterprise subject to this Article.” (Uniform Commercial Code, § 6-102, subd [1].) An enterprise is one "whose principal business is the sale of merchandise from stock”. (Uniform Commercial Code, § 6-102, subd [3].) And, inventory is defined as goods held for sale. (Uniform Commercial Code, § 9-109, subd [4].) Clearly, M & L Siegel, Inc., was in the business of selling jewelry and diamonds, and the sale of its office furniture and equipment was not a bulk transfer of its inventory. Nor did the sale of catalogues, customers’ lists and a telephone listing constitute a bulk transfer. While these items, as well as such other intangible assets as a corporate name or good will, might have great economic value, they do not constitute inventory within the statutory definition. They were not goods held for sale (Uniform Commercial Code, § 9-109, subd [4]). At best they would be considered equipment because the act provides that transferred goods not included in the definitions of inventory shall be considered equipment. (Uniform Commercial Code, § 9-109, subd [2].) However, a transfer of a substantial part of an enterprise’s equipment is only subject to the Bulk Sales Act, "if it is made in connection *182 with a bulk transfer of inventory” (Uniform Commercial Code, § 6-102, subd [2]). This is not the fact in this case. Since there was no bulk transfer of inventory the defendant did not violate the provisions of the Bulk Sales Law and the action should be dismissed. However, since this court lacks subject matter jurisdiction, it is powerless to dismiss the case on its merits but must transfer it to the Supreme Court pursuant to the New York State Constitution (art VI, § 19, subd f).
The parties are directed to transfer this action by presenting a copy of this order to the Clerk of the Supreme Court, New York County, within 20 days of entry.