*1001 OPINION OF THE COURT
Lorraine S. Miller, J.
The issue presented herein involves the interpretation and application of the antediluvian and convoluted "Dead Man’s Statute” (CPLR 4519). Plaintiff, Mark Patterson, Inc. (plaintiff), has been engaged in designing, manufacturing and selling jewelry since 1985. Mark Patterson (Patterson) is plaintiff’s sole stockholder and officer. Defendant, R.M. Stephens, Inc. (RM), is an insurance broker which specializes in securing insurance for jewelry manufacturers and retailers such as the plaintiff.
In September 1991, defendant, Jeffrey Day (Day), applied to plaintiff for a position as a salesman. Day had previously worked for another firm, Honora Manufacturing (Honora), in the same capacity but had been terminated the prior month when his claim of a robbery of Honora jewelry at gunpoint proved untrue. When the Santa Monica Police Department concluded that there had been no robbery and that Honora’s jewelry had actually been stolen from Day’s unattended car, Day was charged with intentionally filing a false report.
Prior to hiring Day, Patterson contacted RM’s now deceased but former president, Stewart Stephens (Stephens), to inquire about Day’s insurability. According to Patterson’s deposition testimony, he hired Day and purchased, insurance for him allegedly relying upon the recommendation of Stephens.
After hiring him, Patterson turned over plaintiff’s jewelry line, valued at approximately $225,000, to Day to sell in California. On January 30, 1992, Patterson was informed by Day that plaintiff’s jewelry had been stolen from his unattended car while he was in Santa Monica, California. Patterson was also subsequently informed by Stephens that because the jewelry had been burglarized from an unattended vehicle the loss was not covered by the insurance policy he had purchased through RM.
Thereafter, plaintiff initiated this action against RM claiming that RM, inter alia, engaged in fraud, breached its duty of care and was negligent in not advising plaintiff of information about Day that RM allegedly had. Plaintiff claims that in two conversations, Stephens failed to tell Patterson about information in his possession which would have aided plaintiff in deciding whether to hire Day.
Before this action was commenced, however, Stewart Stephens died. At the time of his death, Stephens held 50% of *1002 RM’s stock and the other 50% was held by his cousin, Roy Stephens (Roy). Stephens’ shares passed to his estate which still holds title to them at this time.
Prior to trial, RM moved for an order in limine to prevent Patterson from testifying, on behalf of the plaintiff, as to the transactions and communications he had with Stephens regarding Day. RM claims that CPLR 4519, commonly referred to as the "Dead Man’s Statute”, renders Patterson incompetent to testify as to these matters because Stephens’ estate, which still holds 50% of RM’s stock, will be directly affected by the outcome of this litigation.
Plaintiff contends that the "Dead Man’s Statute” is inapplicable to this case because Stephens was merely acting on behalf of RM as an officer and/or agent of the corporation at the time of the transactions and communications in question.
CPLR 4519 states, in pertinent part, that: "Upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against the executor, administrator or survivor of á deceased person * * * or a person deriving his title or interest from, through or under a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person” (CPLR 4519). The intent of the statute is to protect the estate of a deceased person from false testimony, by an interested person, which can be given without possibility of contradiction (see, Endervelt v Slade, 162 Misc 2d 975 [Sup Ct 1994]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4519:l, at 165).
In this case, Patterson, an interested person due to his stock ownership in plaintiff, sought to offer testimony regarding conversations he had with the deceased Stephens, a 50% shareholder in RM, about procuring coverage known as "jeweler’s block insurance” for Day. Therefore, the issue is whether the ownership interest in RM currently held by the executors of Stephens’ estate renders Patterson incompetent to testify as to what was and was not said during those conversations.
Under New York law, the "Dead Man’s Statute” does not generally bar testimony as to transactions or communications between a party or interested witness and one who was merely a deceased agent or officer of the defendant corporation (see, Melkon v Kirk & Co., 220 App Div 180 [1st Dept 1927]; Courtland v Walston & Co., 340 F Supp 1076 [SD NY 1972]; see also, Rodenhouse v American Cas. Co., 20 AD2d 620 [4th Dept 1963]; *1003 Gabbe v Kleban Drug Corp., 6 Misc 2d 457 [Sup Ct 1957] [court admitted testimony of conversation with deceased agent of defendant corporation]; Leighton v New York, Susquehanna & W. R. R. Co., 303 F Supp 599 [SD NY 1969] [plaintiff not barred from testifying as to conversation he had with deceased chairman of board of defendant corporation]). The rationale behind this rule is that the testimony would not affect any property which is derived from or through the deceased corporate official (see, Leighton v New York, Susquehanna & W. R. R. Co., supra; Courtland v Walston & Co., supra).
However, those cases are distinguishable from the one at bar on the ground that in none of those cases did the deceased officer or agent hold an ownership interest in the defendant corporation at the time of his death (see, e.g., Clift v Moses, 112 NY 426 [1889] [testimony of deceased agent not permitted if he is alleged to have been partner or co-venturer with the principal]). In In re Cohen’s Estate (137 NYS2d 300 [Sup Ct 1954]), the court, pursuant to the "Dead Man’s Statute”, refused to consider plaintiff’s testimony as to conversations with the deceased in which the deceased allegedly had agreed to turn over his stock in the defendant corporation to plaintiff which, at the trial, was held by the executors of the deceased’s estate. Although the executors were also named as a defendant, the court held that, even if a separate cause of action had been brought against the corporation, the testimony would be excluded under CPLR 4519 (at the time known as Civ Prac Act § 347) on the ground that plaintiff’s testimony was still adverse to the executors because the estate held the stock in the defendant corporation (supra; see also, Tepper v Tannenbaum, 87 Misc 2d 829, revd on other grounds 65 AD2d 359 [1st Dept 1978]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4519:2 [b], at 170).
Here, the executors of Stephens’ estate hold 50% of RM’s stock which gives the executors a direct pecuniary interest in any judgment. Plaintiff seeks to bolster his claims against RM by his own recitation of conversations with the decedent. This scenario is precisely what the statute endeavors to prohibit (see, Tepper v Tannenbaum, supra). As such, RM is entitled to seek the protection of CPLR 4519 because a monetary verdict against RM would be tantamount to diverting assets from Stephens’ estate (see, In re Cohen’s Estate, supra; Tepper v Tannenbaum, supra; cf., Carmen v Shore Cleaners & Dyers, 270 App Div 945 [2d Dept 1946] [although suit would effect defendant’s profits, plaintiff was competent to testify to *1004 conversation with defendant’s deceased agent about employment contract because it was conceded that the deceased did not share in defendant’s profits]).
Contrary to plaintiffs position, the fact that only RM, and not the Stephens’ estate, is named as a defendant is not sufficient ground for the court to hold that the "Dead Man’s Statute” is inapplicable to this case. As noted by the court in In re Cohen’s Estate (supra, at 308), the purpose behind the "Dead Man’s Statute” would be frustrated "if the bar of the statute could be avoided by the device of framing a pleading in such a way that in form the claim is asserted only against a corporation the stock of which is owned by the decedent’s executors.”
Accordingly, RM’s motion in limine is granted to the extent that Mark Patterson, pursuant to CPLR 4519, is incompetent to testify as to any transactions and communications he had with the deceased Stewart Stephens regarding the hiring of Day and the procuring of insurance for him.